Whitaker, Judge,
delivered the opinion of the court:
Plaintiff has brought this suit to recover pay alleged to be due him because of his separation from Government employment, in violation of his rights under the Lloyd-La Fol-lette Act, 5 U. S. C. 652, and, in the alternative, in violation of Public Law 733, 81st Congress, 2d Session, 64 Stat. 476, which, plaintiff asserts, was made applicable to him by Executive Order 10450, 18 F. R. 2489.
The case is before us on defendant’s motion for summary judgment, together with accompanying exhibits, and plaintiff’s response to said motion, and plaintiff’s cross-motion filed after oral argument.
Defendant in its motion alleges that neither Act is applicable to plaintiff, the first, because plaintiff was not in the “classified civil service,” to which alone that Act applies, and, the second, because it applied only to persons whose activities are directly concerned with the nation’s security.
This opinion relates only to these defenses. We do not reach the merits.
The pertinent facts relating to the question of whether or not plaintiff was in the classified civil service are:
Plaintiff was employed on July 20, 1948, with the Veterans Administration, as a clerk-stenographer, and while so employed he gained competitive civil service status. In 1951 he received an indefinite appointment as a secretary, GS-4, and later, that same year, was transferred to the Bureau of Land Management, Department of Interior. Plaintiff resigned this position on July 31, 1953. During 1954 plaintiff returned to Government service for a period of approximately three months, resigning on September 10, 1954.
On January 26, 1955, plaintiff was reinstated to his previous position with the Bureau of Land Management. This appointment was made pursuant to the following sections of the civil service regulations, first:
The Commission hereby delegates authority to agencies to reinstate a former Federal employee who had a *313 competitive status or was serving probation when be was separated. [5 CFR § 2.401 (1956 Supp.), 19 F. R. 8612]
and, second:
(a) All types of appointments under the regulations in this chapter, except promotions, demotions, reassignments, and conversions from career-conditional to career appointment, shall be subject to investigation by the Commission to establish the appointee’s qualifications and suitability for employment in the competitive service.
(b) Except in cases * * * involving intentional false statements, or deception or fraud in examination or appointment, the condition “subject to investigation” shall expire automatically at the end of eighteen (18) months after the effective date of the appointment.
(c) For a period of eighteen (18) months after the effective date of an appointment subject to investigation under paragraph (a) of this section, the Commission may instruct the agency to remove the employee if investigation discloses that he is disqualified for any of the reasons listed in § 2.106. * * * [5 CFR § 2.107 (1956 Supp.), 19 F. R. 8608-8609]
Among the reasons set forth in section 2.106 is the following:
(3) Criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct. [5 CFR § 2.106 (1956 Supp.) 19 F. R. 8608]
During the course of the investigation of plaintiff, as authorized by the above regulations, evidence of immoral conduct on plaintiff’s part was disclosed. As a result plaintiff was interviewed by two investigators from the Civil Service Commission. During this interview plaintiff gave information under oath, which was reduced to writing and signed by plaintiff, in which he admitted past immoral acts. Following this, on July 7,1955, the Commission notified the agency that plaintiff’s appointment of January 26, 1955, was not approved, and directed that the agency separate plaintiff. This notice, which was on July 12, 1955 delivered to plaintiff, provided, inter alia:
Because of evidence of immoral conduct disclosed by investigation and admitted by Mr. Day during an interview with a representative of the Commission on May *314 24, 1955, it has been determined be does not meet the suitability standards required for employment in the competitive Federal service.
Plaintiff appealed from this action, and on August 15,1955, the Board of Appeals and Keview affirmed the finding of ineligibility. Plaintiff, who had been retained by the agency pending the outcome of his appeal, was dismissed, effective August 19, 1955. Plaintiff later appealed to the Chairman of the Civil Service Commission, who also affirmed the finding.
Plaintiff then instituted this suit, alleging that his dismissal was in violation of the Lloyd-La Follette Act, 5 U. S. C. § 652, or, in the alternative, Public Law 733, 81st Congress, 2d Session, 64 Stat. 476. The latter, plaintiff asserts, was made applicable to him by Executive Order 10450, 18 F. K. 2489.
Defendant urges the inapplicability of the Lloyd-La Fol-lette Act on the ground that plaintiff, under the decision of Bailey v. Richardson, 182 F. 2d 46, affirmed by an equally divided court, 341 U. S. 918, was not at the time of his separation in the “classified civil service” and, therefore, not entitled to the benefits of that Act.
Plaintiff at the time of his separation was in the identical situation that employee Bailey was in, so far as his job status was concerned. Like Bailey, he had, during prior Government employment, achieved competitive status, and upon reappointment was subject to the 18-month investigative period. As did Bailey, plaintiff urges that, having achieved competitive status during previous employment, he is, upon reappointment, automatically in the “classified civil service”, despite the 18-month investigative period, and, therefore, entitled to the benefits of the Lloyd-La Follette Act. The Court of Appeals in Bailey v. Richardson, supra, held to the contrary. There the Court of Appeals for the District of Columbia stated:
No reason based upon principle appears for holding the imposition of conditions upon reinstatements to be invalid. The scheme of the civil service statutes is that an independent executive agency, under the President, have [sic] the function of filling open positions in what is known as the classified service. An employee sepa *315 rated from the service would be as completely out of Government employ as though he had never been in it, except for the regulations of that executive agency. They give him for a designated period of time a preference over other eligibles for placement, if a vacancy for which he is qualified occurs either in his former section or in another. But for such regulations, an ex-employee would be merely another applicant. The point is that his placement, whether it be called appointment, reappointment or reinstatement, after he has been out of the service for a time, is just as much a function of the employment authority as is an original appointment. Appellant argues that the Lloyd-Lafollette Act negatives that idea. We find nothing in it which does. We think that conditional reinstatement, like conditional appointment, is valid.
Our conclusion on the point is that appellant, having been separated from the service for some months, was not “in the classified service” during that period, and that during the period of her conditional reinstatement she was subject to the regulations of the Civil Service Commission and was not m the classified service within the meaning of the Lloyd-Lafollette Act.
Plaintiff was reappointed in conformity with the civil service regulations; one section thereof gave him a certain priority as to reappointment, and the other made his reappointment subject to the 18-month investigative period. Plaintiff cannot have the benefits of the one without the burden of the other. We agree with the Bailey decision in this respect, at least. Cf. Nadelhaft v. United States, 132 C. Cls. 316, 322; and Bander v. United States, 141 C. Cls. 373.
It is plain that Public Law 733, supra, to which plaintiff asserts he is entitled under Executive Order 10450, supra, is not applicable here. The statute applies to persons suspended “in the interest of national security.” Plaintiff was not suspended “in the interest of national security.”
This Act was limited by the Supreme Court in Cole v. Young, 351 U. S. 536, to persons whose “activities * * * are directly concerned with the Nation’s welfare * * Plaintiff does not come within this category.
Plaintiff’s assertion that the statement given by him during the interview by the investigators was secured by “trickery, subterfuge and duress” is hardly worthy of notice.
*316 In the first place, plaintiff’s dismissal was not predicated alone, or even primarily, on Ms admission. The investigators had already uncovered evidence of plaintiff’s immoral conduct. Plaintiff was interviewed in order to give him an opportunity to refute, if he could, what this evidence seemed to prove. Instead of refuting it, he admitted it, and asked the Commission to be tolerant. He does not now deny the truth of the statement he gave.
The additional points raised by plaintiff have also been considered and found to be without merit.
Plaintiff’s cross-motion is denied. Defendant’s motion is granted, and plaintiff’s petition will be dismissed.
It is so ordered.
Laeamoee, Judge; MaddeN, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.