Collins, Judge,
delivered the opinion of the court:
This action is based upon the allegedly wrongful removal of plaintiff, a veteran, from his civilian position with the U.S. Army Ordnance District, St. Louis, Missouri (hereinafter referred to as “Ordnance”). Plaintiff seeks to recover back pay in the approximate amount of $15,000. Presently before this court are defendant’s motion and plaintiff’s cross-motion for summary judgment.
On April 21,1960, plaintiff received a “career conditional” appointment with Ordnance as a contract specialist, grade GnS-9. Plaintiff’s appointment was subject to (1) investigation by the Civil Service Commission regarding plaintiff’s qualifications and suitability for employment and (2) satisfactory completion of a 1-year probationary period. One part of the investigation occurred on August 15, 1960, when plaintiff appeared at a “special interview” before a Civil Service investigator. At that time, plaintiff was examined with regard to certain aspects of his employment history.
The investigation resulted in a decision that plaintiff was unsuited for Federal employment and, by letter of September 13, 1960, the Ninth Civil Service Region directed Ordnance to remove plaintiff. The determination of the Ninth Region, made pursuant to Civil Service Regulation 2.106,[1] *628 was based upon, findings that (1) during his employment as purchasing agent for the St. Louis Screw & Bolt Company, plaintiff had engaged in “highly unethical” and “dishonest” conduct in buying for himself and selling at a profit certain metal which the company did not wish to purchase; and (2) plaintiff had intentionally falsified his application for Federal employment (a) by failing to indicate that he had been discharged from a position with Century Foundry Company because of unsatisfactory work and (b) by omitting reference to a period of employment with Chrysler Corporation, Plaintiff was informed that he could appeal to the Begional Director and he did so on September 28, 1960. Effective September 29, plaintiff was suspended by Ordnance pending decision on the appeal. On November 30, 1960, the Begional Director affirmed the removal of plaintiff, although the Begional Director withdrew his prior finding of dishonesty and rescinded the previously imposed 1-yéar debarment from the competitive Federal service. Plaintiff then appealed to the Civil Service Commission Board of Appeals and Beview which (on January 30, 1961) affirmed the removal. The Board of Appeals and Beview found (1) that plaintiff’s business ethics had been questionable and (2) that, with regard to his discharge by Century Foundry Company, plaintiff’s application had been intentionally falsified.[2]
Effective February 3,1961, plaintiff was separated from his position with Ordnance.[3] On February 15, 1963, plaintiff filed in this court the present action. In his petition, plaintiff alleged (1) that defendant had been arbitrary, capricious, and unreasonable, (2) that defendant had violated plaintiff’s *629 rights under section 14 of the Veterans’ Preference Act of 1944 [4] and section 6 of the Lloyd-La Follette Act,[5] and (3) that plaintiff had not been afforded a hearing.
In support of its motion for summary judgment, defendant asserts, inter alia, plaintiff has not shown that any procedural statute or regulation was violated or that the actions of the Civil Service Commission were arbitrary or capricious. Considering first the matter of procedure, it is correct, as the Govermnent contends, that neither the Lloyd-La Follette Act nor the Veterans’ Preference Act of 1944 applied to plaintiff. This court held in Day v. United States, 143 Ct. Cl. 311, 315 (1958), that a Federal employee whose reappointment was subject to investigation was not, during the investigative period, a member of the “classified civil service” and therefore was not entitled to the benefits of the Lloyd-La Follette Act.[6] In the instant case, Powers was a probational employee whose appointment was subject to investigation,[7] and, for this reason, he was not within the coverage of the Lloyd-La Follette Act. Although plaintiff was a veteran, the fact that his appointment was conditional rendered inapplicable the Veterans’ Preference Act. Section 14 of the Act is limited to “permanent or indefinite preference eligible[s], who [have] completed a probationary or trial period * *
Cf. Bander v. United States, 141 Ct. Cl. 373, 158 F. Supp. 564, cert. denied, 358 U.S. 855 (1958); Kohlberg v. Gray, 207 F. 2d 35 (D.C. Cir. 1953), cert. denied, 346 U.S. 937 (1954).
*630 This court is unable to accept the assertion of plaintiff that, on the basis of a general policy of the Government (and without regard to specific statutes or regulations), a veteran is entitled to special treatment, including a hearing. Since plaintiff has not shown any failure of the Government to comply with any applicable statute or regulation, we must conclude that the removal of plaintiff involved no violation of his procedural rights.
With regard to the substantive bases for the dismissal, the scope of review by the court is limited. However, when the issue of arbitrary, capricious, or malicious action on the part of the Government is properly raised, judicial inquiry is proper. E.g., Greenway v. United, States, 163 Ct. Cl. 72 (1963).[8] In the instant case, plaintiff does charge that the Government acted arbitrarily and capriciously. We are satisfied, upon the basis of the present record, that the assertions of plaintiff are not well taken. Furthermore, this court finds the pleadings and exhibits, including the report of the special interview, to be sufficient to show that there were substantial evidence and a reasonable basis to support the action of the Civil Service Commission.[9] In effect, plaintiff asks us *631 to bold, in view of his explanation of the charges against him, that his removal was not founded upon sufficient grounds. In affirming the removal of plaintiff, the Board of Appeals and Review relied upon two grounds — plaintiff’s conduct when employed by St. Louis Screw & Bolt Company and his failure to indicate, in his application, discharge from Century Foundry Company. With regard to the former ground, plaintiff’s basis contentions are that his actions did not violate any standards of honesty or business ethics and that, therefore, his conduct did not render him unfit for Federal service.[10] This courts is unable to accept plaintiff’s argument. In evaluating plaintiff’s qualifications, the Civil Service officials did apply rigid standards. However, in the absence of arbitrariness, etc., this court does not substitute its judgment for that of the Civil Service Commission, and we consider this rule to be applicable here. Cf. Lawyer v. United States, 147 Ct. Cl. 501, 504 (1959), cert. denied, 362 U.S. 977 (1960); Ciaffone v. United States, 126 Ct. Cl. 532 (1953). The Regional Director and the Board of Appeals and Review determined that plaintiff’s conduct, even though not dishonest, did render him unfit to perform his duties as a contract specialist. The Civil Service personnel possessed familiarity with the nature and demands of such a position and, despite the severity of their determination, we will not substitute our judgment.
*632 The same considerations apply to the second ground for removing plaintiff, the intentional falsification. In light of plaintiff’s attempts to explain the circumstances of his departure from Century Foundry Company, the attitude which the Government adopted again was a strict one. Still, since we find no arbitrariness on the part of defendant, this court cannot say that the decision to discharge plaintiff calls for judicial interference. Therefore, this court concludes that the determination that plaintiff should be removed was a proper exercise of the discretion of the Civil Service Commission.
As another basis for its motion for summary judgment, defendant contends that plaintiff’s claim is barred by laches. However, in view of our rejection of plaintiff’s assertion that his removal was wrongful, it is unnecessary to discuss the question of laches. We do note in passing that plaintiff has offered no real explanation of the 2-year delay between his exhaustion of administrative remedies and the institution of the present suit. Such delay might constitute a lack of reasonable diligence.
Plaintiff’s cross-motion for summary judgment is denied; defendant’s motion for summary judgment is granted, and the petition is dismissed.

The regulations of the Civil Service Commission, 5 C.E.R. § 2.106 (Supp. 1960), state in pertinent part:
I 2.106 Disqualifications of applicants — (a) Grounds for disqualification. An applicant may be denied examination and an eligible may be denied appointment for any of the following reasons:
*628 (1) Dismissal from employment for delinquency or misconduct;
*****
(4) Intentional false statements or deception or fraud in examination or appointment;
(8) Any legal or other disqualification which makes the applicant unfit for the service.

 In reaching its decision to affirm the removal of plaintiff, the Board placed no reliance upon the ground of the omission regarding plaintiff’s employment by Chrysler;

 According to the affidavit of the Civilian Personnel Officer of the St. Louis Procurement District, U.S. Army, the position which plaintiff had occupied prior to his suspension (on September 29, 1960) was abolished effective January 13, 1961.

 58 Stat. 390, as amended, 5 U.S.C. § 863 (1958 ed.).

 37 Stat. 555, as amended, 5 U.S.C. § 652 (1958 ed.). It should be noted that in his brief and oral argument, plaintiff did not assert that either the Lloyd-La Eollette Act or the Veterans’ Preference Act of 1944 was applicable to him.

 See also Bailey v. Richardson, 182 F. 2d 46, 52 (D.C. Cir.), aff’d by an equally divided court, 341 U.S. 918 (1950).

 In Day y. United States, supra, and Bailey v. Richardson, supra, the respective plaintiffs were persons formerly within the classified civil service, who had been reinstated subject to investigation, unlike them, Powers had never been a member of the classified civil service, nor had he ever attained status. Powers’ situation was similar to that of the plaintiff in Nadelhaft v. United States, 132 Ct. Cl. 316, 131 F. Supp. 930 (1955), where the majority stated, at p. 319 :
“* * * we are of the opinion that a probationary appointee acquires no right to the office, that is to say, a right protected by the Lloyd-La Follette Act, as amended. His right to the office and protection by this Act only accrues after the probationary period has expired and his appointment becomes permanent.”

 Despite defendant’s contention to the contrary, this court considers the reasoning of Greenway v. United States, supra, to be applicable to the instant case. The removal of Powers was based upon Civil Service Commission regulations § 2.106, supra note 1, and § 2.107. The latter section provides in part that during the year following an appointment subject to investigation, “the Commission may instruct the agency to remove the employee if investigation discloses that he is disqualified for any of the reasons listed in § 2.106.” The grounds contained in § 2.106 give considerable latitude to the Commission. To illustrate, one of the stated reasons (and one which was relied upon in the instant case) is “any legal or other disqualification which makes the applicant unfit for the service.” Nonetheless, we reject defendant’s assertion that the court has no jurisdiction to determine whether a person like the present plaintiff was discharged arbitrarily. However broad the meaning of “legal or other disqualification,” this term would not encompass (e.g.) a removal based upon the personal grudge of a superior.

 Plaintiff cites Pelicone v. Hodges, 320 F. 2d 754 (D.C. Cir. 1963), in which the court held that a dismissed Federal employee was entitled to reinstatement. In PeUcone, the court found that charges of intentional false statements were not supported by the evidence. However, it is apparent that in this regard each case depends upon its particular facts. In the instant case, the charge of intentional falsification was supported by substantial evidence. For example, the Government relied upon the statement which plaintiff gave during the August 15, 1960, interview. Although initially plaintiff said that his employment was terminated by mutual agreement, his statement as a whole could be considered as recognition by plaintiff that he was discharged because of unsatisfactory performance.
In Pelieone, the court also’rejected a charge (under 5 C.F.K. § 2.106(a) (3i)) of criminal conduct. Here, no such charge is involved. ■ ■

 One exhibit offered by plaintiff was a letter, dated August 8, 1961 (subsequent to tbe removal of plaintiff), from tbe president of St. Louis Screw & Bolt Co. to tbe Ninth U.S. Civil Service Region. The letter states with regard to plaintiff’s purchase of the metal (and to a separate incident) that tbe company did not consider plaintiff’s actions as dishonest. The letter, which explained that plaintiff’s employment had been terminated because the position he had occupied was abolished, also stated that the two incidents in question would not prevent the company from giving consideration to the reemployment of plaintiff if his position were to be restored.
The Civil Service Commission determined that plaintiff’s conduct regarding the purchase of the metal, although not dishonest, was one factor which indicated that plaintiff was unsuited to serve as a contract specialist. Apparently, the Government’s view of plaintiff’s activities differed from that of plaintiff’s former employer, but this is not decisive. It is not for this court to say that, in evaluating plaintiff’s qualifications for Federal employment, the Civil Service Commission was bound to reach the conclusion which plaintiff’s former employer reached.