Givilian pay; dismissal¡Lloyd-LaFóttette Act; due process of law; procedural compliance — On. November 20, 1974 the court issued the following order:
Before CoweN, Chief Judge, SkeltoN and Kashiwa, Judges.
“This case comes before the court on defendant’s motion for summary judgment and plaintiff’s cross-motion for summary judgment. Upon consideration of the briefs and oral arguments of counsel, together with the documents attached to the motions of the parties, the court finds- that plaintiff’s civilian employment as a Warehouseman with the United States Navy was terminated, effective December 2, 1970, for his failure to honor his just debts, as required by the regulations of the Navy and the Civil Service Commis *871 sion. Plaintiff’s appeal from the decision removing him from his position was denied by the Commanding Officer of the Miramar Naval Air Station, by the San Francisco Region of the Civil Service Commission, and by the Board of Appeals and Review of the Civil Service Commission.
“In his first challenge to the administrative action, plaintiff contends that the Lloyd-LaFollette Act, 5 U.S.C. § 7501, is vague, over-broad, and denies plaintiff due process of law. This contention is rejected because of the Supreme Court’s recent decision in Arnett v. Kennedy, 416 U.S. 134 (1974).
“The court also finds that plaintiff’s removal was effected in compliance with the applicable regulations of the Navy and the Civil Service Commission relating to plaintiff’s failure to pay his just financial obligations in a manner which does not reflect adversely on the Government as an employer; that the administrative decisions are not arbitrary or capricious and that such decisions are supported by substantial evidence.
“it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiff’s cross-motion for summary judgment is denied, and plaintiff’s petition is dismissed.”