On June 27, 1975 the court issued the following order:
Before CowEN, Chief Judge, and Kashiwa, Judge.
“This case came before the court on defendant’s motion for summary judgment and on May 1, 1975, this court ordered that any decision on that motion be suspended until plaintiff filed an answering brief within 30 days after May 1, 1975. Plaintiff has not filed his answering brief within the 30 days. Material facts are not in dispute.
“This court has held that employees outside of the competitive civil service have only those rights in a dismissal that are afforded by agency regulations. Horne v. United States, 190 Ct. Cl. 145, 419 F. 2d 416 (1969). Internal Bevenue Manual (IBM), Section 0300.1414 states: ‘All appointees to continuing positions in the excepted service will be required to serve a one-year trial period equivalent to the probationary period served by employees in the competitive service.’ IBM 0771.1, § 222(1) (d), which contains Internal Bevenue Service appeals procedures, excludes from coverage £* * * an employee currently serving a probationary or trial period; * * *.’ Therefore, plaintiff was entitled to only those limited rights which the Civil Service Commission regulations give probationary employees.
*1006 “5 C.F.R. § 315.805 provides that when an agency proposes to terminate a probationary employee based on conditions arising before his appointment, the employee is entitled to:
“(1) Notice of the proposed adverse action stating the reason for the proposed action;
“ (2) A reasonable time for filing a written answer; and
“ (3) Notice of the adverse decision at the earliest practicable date.
The only right of appeal given by 5 C.F.R. § 315.806 is that the probationary employee may appeal to the Commission if the appeal is based upon discrimination because of race, color, religion, sex, or national origin; or partisan political reasons, marital status or improper discrimination because of a physical handicap; or improper procedure. None of these grounds are involved herein. Plaintiff was accorded all of the rights he was entitled to under the Civil Service Commission regulations. On May 30,1072, he received a written notice of proposed removal stating the reasons for the action. He submitted his written reply on June 15,1972; his reply was considered by the District Director; and he was terminated on June 20,1972.
“Plaintiff’s dismissal was not arbitrary or capricious. One of the specifications of the charges was that enforcement action had to be taken to enforce collection of his 1968 income taxes. He admitted this in his reply. It is within the administrator’s discretion to dismiss an attorney employed by the IRS who is still serving within his probationary period and who has failed to voluntarily pay his own income taxes. See Birnholz v. United States, 199 Ct. Cl. 532 (1972). See, also, the court’s order filed November 20, 1974, dismissing the petition in Pargo v. United States, 205 Ct. Cl. 870, 871, which reads in part :
The court also finds that plaintiff’s removal was effected in compliance with the applicable regulations of the Navy and the Civil Service Commission relating to plaintiff’s failure to pay his just financial obligations in a manner which does not reflect adversely on the Government as an employer; that the administrative decisions are not arbitrary or capricious and that such decisions are supported by substantial evidence.
*1007 “Based on the reasons above stated, we allow defendant’s motion for summary judgment. Plaintiff’s petition is hereby dismissed.”