"This case is before this court on defendant’s motion for summary judgment and plaintiffs cross motion for summary judgment. Plaintiff is seeking back pay, an order of reinstatement, and correction of his records to reflect continuous service. After consideration of the briefs and oral arguments, we hold plaintiff is not entitled to the relief requested.
"Plaintiff, Anthony J. Perlongo, joined the Drug Enforcement Agency (hereinafter referred to as DEA) on September 2, 1975, as a special agent trainee under a career-conditional appointment. Plaintiffs employment was to be probationary for a period of one year. During the tenth week of the probationary period, plaintiff was terminated by the DEA for the following reasons:
On the basis of evaluations and appraisals of your conduct and performance while on duty during special agent training which began on September 8, 1975 it has been determined that you have not demonstrated character traits necessary for satisfactory performance as a Career employee. Staff, officials of the Drug Enforcement Administration National Training Institute who have counselled you and observed and evaluated your conduct and performance have indicated that you have been uncooperative, argumentative, you lack self discipline and you are unable to accept constructive criticism. In addition, it was reported by training officials that you lack the ability to apply to realistic field training situations those principles and techniques which were taught in the *983 academic portion of training such as inability to perform satisfactorily in a simple surveillance situation.
Plaintiff contends that the termination is both procedurally and substantively defective.
"As a probationary employee, plaintiff is entitled to administrative review of his dismissal only to the extent provided by the regulations of the Civil Service Commission. The Lloyd-LaFollette Act, 5 U.S.C. § 7501 (1970), does not apply to probationary employees because they are not members of the classified civil service. Powers v. United States, 169 Ct. Cl. 626, 629 (1965); Day v. United States, 143 Ct. Cl. 311 (1958). The Veterans’ Preference Act, 5 U.S.C. § 7512 (1970), does not apply to probationary employees because they are expressly excluded from the definition of 'preference eligible employees’ to whom the act does apply. 5 U.S.C. § 7511 (1970). Moreover, there are no regulations of the DEA which broaden the rights conferred by the Civil Service Commission in 5 C.F.R. § 315.801 (1975) et seq. Accordingly, plaintiff may not contest his dismissal except to the extent that rights conferred by 5 C.F.R. §§ 315.801 (1975) et seq. were violated by the DEA. Kaufman v. United States, 207 Ct. Cl. 1005 (1975).
"The rights conferred by Civil Service Commission regulations are very narrow. Procedurally, a probationary employee has the right only to be notified prior to termination of his employment as to the agency’s 'conclusions as to the inadequacies of [the probationer’s] performance or conduct.’ 5 C.F.R. § 315.804 (1975); Horne v. United States, 190 Ct. Cl. 145, 148, 419 F. 2d 416, 418 (1969). Substantively, the only limitation on an agency’s power to dismiss a probationary employee is that the agency must honestly be dissatisfied with the probationer’s conduct or performance after giving him a fair trial at the job. Horne v. United States, supra at 150, 419 F. 2d at 419; Dargo v. United States, 176 Ct. Cl. 1193, 1206 (1966).
"Here, no procedural defect in effecting plaintiffs separation has been shown. The DEA officials clearly complied with the Civil Service regulation. Plaintiff was verbally notified by DEA officials of the reasons for his termination in an exit interview on November 12, 1975. *984 Further notification was provided in a letter dated November 13, 1975, which also advised plaintiff of his appeal rights.
"Substantively, plaintiff contends the stated reasons for his termination were not the true and correct reasons. Plaintiff maintains that the real reason for his termination was because he had reported one of his instructors for drinking while on duty. This caused a majority of the instructors to adopt a vindictive attitude toward him which eventually led them to recommend his termination.
"In reviewing this substantive issue, our inquiry is whether DEA’s action represents its honest judgment. Here, the record shows there is substantial evidence and a rational basis for the action taken by the DEA officials. Plaintiffs conduct in reporting instructor Rochon’s drinking while on duty is only one of a number of incidents which brought plaintiffs character into question by the DEA officials. Further, plaintiff has alleged facts showing possible bias on the part of only one of the eight instructors who voted to terminate him. The other seven must be presumed to have acted in good faith in voting for his termination. Knotts v. United States, 128 Ct. Cl. 489, 121 F. Supp. 630 (1954). These seven would still constitute a majority of the instructors and would have led to the recommended termination of plaintiff. Also, the action of the supposedly biased instructors was only a recommendation to higher officials. Two higher officials had to review the recommendation of termination and act on it before plaintiff was terminated. Plaintiff alleges no bias on the part of the higher officials.
"Finally, one of the required tasks of a narcotics agent is to observe actions and conduct and submit detailed, accurate reports thereon. Plaintiffs conduct in writing the October 23, 1975, memorandum attacking instructor Rochon’s character with a barrage of unsupported and slanderous charges — that the instructor was an alcoholic, unworthy to be a special agent, one who took delight in criminally and sadistically abusing an informant — raises grave questions about his ability to dispassionately observe events and accurately report them to his superiors. Therefore,
*985 "it is ordered that plaintiffs cross motion for summary judgment is denied; defendant’s motion for summary judgment is granted; and the petition is dismissed.”
Plaintiffs petition for a writ of certiorari was denied June 5, 1978.