"This case is before the court on cross-motions for summary judgment. There are no material facts in dispute. After careful consideration of the briefs and oral argu *491 ments presented, we grant defendant’s motion for summary judgment.
"Plaintiff is a former government employee, having retired effective July 1, 1973. He is receiving an annuity based on all of his government service except for the period of approximately three years (from March 16, 1936, to May 7, 1939) which is at issue here,„-Plaintiffs service during that three-year period was.as'a fee reconditioning inspector for the Home Owners Loan Corporation (hereinafter referred to as HOLC). Prior to his retirement, by letter dated May 22, 1967, plaintiff requested the Civil. Service Commission to 'authorize the addition of the time served as a "Fee Reconditioning Inspector” to the credited time toward Civil Service Retirement Annuity.’ By letter dated June 7, 1967, plaintiff was advised by the Bureau of Retirement, Insurance and Occupational Health (hereinafter referred to as BRIOH) that 'fee basis employees are not engaged in regular or continuous service, they have no regular tour of duty at a fixed salary and there is no Federal supervision of their hours of work. Therefore, [plaintiffs] service as a fee reconditioning inspector may not be considered creditable as it does not meet all three tests of a Federal employee’ as set forth in 5 U.S.C. § 2105(a) (1970).
"Plaintiff appealed the decision of the BRIOH to the Board of Appeals and Review of the Civil Service Commission. The Board affirmed the decision of the BRIOH on the ground that plaintiff was never 'appointed’ to a federal position prior to May 8, 1939. Therefore, the time he spent as a fee reconditioning inspector was not creditable toward a Civil Service Retirement Annuity.
"Plaintiff contends that the Board of Appeals and Review erred for in substance he was a federal employee during the period he worked as a fee reconditioning inspector. He maintains he worked full time during the period and under the supervision of a federal officer. He also maintains that he was administered an oath of office, just like other federal employees, within six months of commencing his work as a fee reconditioning inspector. Therefore, he contends he qualified as a federal employee during the period he served as a fee reconditioning inspector and that that time should be credited toward his Civil Service Retirement Annuity.
*492 "We do not agree and, therefore, we affirm the Board of Appeals and Review. Our review of Board of Appeals and Review decisions is limited to determining whether there was substantial compliance with procedural requirements, whether there was any arbitrary or capricious action on the part of the Board, and whether there was substantial evidence to support the administrative board’s decision. Peters v. United States, 187 Ct. Cl. 63, 408 F. 2d 719 (1969); Powers v. United States, 169 Ct. Cl. 626 (1965); Harrington v. United States, 174 Ct. Cl. 1110 (1966); Greenway v. United States, 163 Ct. Cl. 72 (1963). Plaintiff does not allege any procedural irregularities in the Board action under review. Nor does he contend that the Board’s action was arbitrary or capricious. In essence, plaintiffs contention is that the Board’s decision is not supported by substantial evidence.
"The documents in evidence, including plaintiffs own application for a regular position with the HOLC in 1939 and his 1936 application to be a fee inspector, show that his work during the period in dispute was to be on a fee basis and not on a fixed salary basis. Article 500-7 of the Home Owners Loan Corporation Consolidated Manual (authorized May 25, 1936), as amended, stated:
Fee inspectors, fee architects and fee engineers are not employees of the [Home Owners Loan] Corporation. [Emphasis supplied.] [Article 500-7 was originally promulgated April 27, 1937, and subsequently codified in 24 C.F.R. § 405.00-7 (June 1, 1938).]
Article 500-7 was a legislative regulation promulgated by the HOLC Board pursuant to the authority granted it by sections 4(a) and (k) of the Home Owners’ Loan Act, ch. 64, 48 Stat. 129, 132 (1933). We consider it is a correct statement of the law because a 'fee’ basis of compensation, as with a doctor or lawyer, is generally inconsistent with the relationship of employer and employee. Hence, retroactivity is not a question. Based upon the foregoing, we hold there is substantial evidence in the record to support the decision of the Board of Appeals and Review.
"Our opinion is not altered by the affidavit plaintiff filed here stating that he was administered an oath of office within six months of commencing his work as a fee reconditioning inspector in 1936. This is a self-serving *493 assertion made some 40 years after the fact. It was made, for the first time, in this court and apparently for the specific purpose of refuting the Board of Appeals and Review’s holding that plaintiff was not 'appointed’ to the Civil Service prior to May 8, 1939. There is no corroborating evidence to support it. Had plaintiff taken such an oath in 1936 and signed the oath form, it ought to appear in his personnel record. It does not. Nor do we feel a trial is necessary on this factual issue for even if plaintiff could establish the taking of an oath, that alone would not constitute an appointment to the Civil Service in 1936.
"We have also considered plaintiffs contention that he is entitled to have the period in dispute credited toward his Civil Service Retirement Annuity under 5 C.F.R. § 831.201(5) and (6) (1977). We find this regulation of no aid to him for it is not applicable to the plaintiff unless he was an employee of the federal government during the period in dispute. See the first sentence of 5 C.F.R. § 831.201 (1977). He has not established that he was an employee.
"Since there is substantial evidence to support the decision of the Board of Appeals and Review of the Civil Service Commission, we grant defendant’s cross motion for summary judgment. We deny plaintiffs motion for summary judgment and order the petition dismissed.”