In this civilian pay case, before the court on the parties’ cross-motions for summary judgment, plaintiff Virginia Gayle Culver, formerly employed as a GS-8 Unit Manager, contests her dismissal from employment with the Internal Revenue Service (IRS). Plaintiff seeks both reinstatement *571 and back pay. The IRS removed Culver from her position claiming she knowingly filed a 1975 federal income tax return encompassing a false marital status. We hold the action of the IRS to be supported by substantial evidence and the penalty of dismissal neither arbitrary nor capricious nor an abuse of agency discretion.
Culver was employed by the IRS, at the time of her removal, in a supervisory capacity in the Quality Review Branch, checking returns from other units at the Memphis Service Center.
On February 26, 1976, plaintiff filed her own 1975 individual federal income tax return, short form 1040a, with the filing status of single. At the time Culver signed and filed the tax return, she was divorced. However, her divorce had not been granted prior to the close of the 1975 tax year and in actuality, her correct filing status was that of a married person filing either separately or jointly. As a result, plaintiff received a refund inflated illegally by $182.00.
Investigation resulted in a notice of proposed adverse action issued to plaintiff on August 27, 1976. After making an oral reply and later a written response to the charges, plaintiff was advised of the IRS decision to remove her effective November 26, 1976. Plaintiff appealed to the Atlanta Field Office, Federal Employee Appeals Authority (FEAA), U.S. Civil Service Commission, which upheld her dismissal for knowingly filing a false federal income tax return. Culver then timely filed suit in this court.
Plaintiff essentially contends that the decision of the IRS that she knowingly filed a false income tax return was not supported by substantial evidence. Additionally, Culver argues that the penalty of dismissal was so disproportionate to the charge as to be arbitrary and capricious and constitute an abuse of discretion.
Defendant counters that the record fully supports the contention that plaintiff knowingly filed a false return and that the penalty of dismissal was an appropriate exercise of IRS discretion.
We hold for the Government.
Testimony before the FEAA showed that on several occasions Culver had solicited the advice of various IRS co *572 workers as to her correct filing status.[1] She was told that she could not file as "single,” but only as married filing jointly or married filing separately. Plaintiff attacks such testimony as being tainted by bias and hostility. We find such contentions to be without merit.
Additionally, plaintiff, in an affidavit she herself executed, admitted she had read IRS Publication 17, Your Federal Income Tax (1976 ed.)[2] and knew that she should not file as "single.” Plaintiff attacks the reliance of the FEAA on the affidavit claiming the document had been given under duress. Unfortunately for Culver, there is no evidence whatsoever to indicate that she was compelled against her will to execute such a document.[3]
Thus, in light of the fact that our review of an administrative decision is limited to a finding of legal sufficiency and substantial evidence to support such a decision, Peters v. United States, 187 Ct.Cl. 63, 408 F.2d 719 (1969); Powers v. United States, 169 Ct.Cl. 626 (1965); Greenway v. United States, 163 Ct.Cl. 72 (1963), we conclude that there was sufficient evidence present to uphold the administrative determination that Culver was aware of the fact that she could not file as "single” and hence knowingly filed a false 1975 federal income tax return.
Plaintiffs next contention is that the penalty of dismissal was so unduly harsh in relation to the charge and the circumstances of the instant case as to amount to an abuse of the IRS’s discretion, citing Boyce & Dixon v. United States, 211 Ct.Cl. 57, 543 F.2d 1290 (1976), and Power v. United States, 209 Ct.Cl. 126, 531 F.2d 505 (1976).
Boyce & Dixon involved a situation where two very low-level IRS employees improperly, but without intent to *573 deceive the Government, relied on their husbands to file their tax returns. They were dismissed from their employment for failure to file tax returns in a timely manner, "not for a wilful failure to file and not for a wilful attempt to avoid taxes.”[4] 211 Ct.Cl. at 62, 543 F.2d at 1293. This court reversed the decision of the IRS to dismiss the plaintiffs premised on the belief that the conduct was not intentional, but rather inadvertent and that this should be reflected in the penalty imposed, especially when dealing with very low-level IRS employees.
In Power, the court was faced with a case where a GS-9 ammunition inspector was found guilty of two relatively minor charges of submitting false information in connection with claims for travel reimbursement. He had been absolved of guilt on another major accusation. This court held that the penalty of dismissal was an abuse of the agency’s discretion, since it appeared that the plaintiff had not intentionally submitted false information, but rather inadvertently did so and that the penalty of dismissal on the grounds of the minor charges was in reality based on the more serious charge which the agency was unable to prove.
Plaintiff argues loss of a job is unduly harsh punishment for a good faith error. This is exactly her problem. We do not view the error as having been made in good faith. In the instant case, Culver was in a supervisory position and was removed for knowingly filing a false income tax return. The element of intentional conduct on the part of plaintiff sets this case apart from Boyce & Dixon and Power. She purposely and wilfully undertook a course of action she knew was wrong. The IRS, perhaps more so than other agencies, depends upon voluntary public compliance with its procedures. Where an employee of the IRS intentionally files a false tax return, such conduct necessarily has a "deleterious effect upon the morale of other IRS personnel and upon the respect which other Government agencies and the public [have] for the IRS.” Giles v. United States, 213 Ct.Cl. 602,607, 553 F.2d 647,650 (1977); Hoover v. United States, 206 Ct.Cl. 640, 513 F.2d 603 (1975).
Where an IRS employee knowingly and wilfully attempts to file a false tax return, especially where that individual *574 serves in a supervisory capacity, we cannot say that the agency abused its discretion in ordering the employee’s dismissal. Giles v. United States, supra; Hoover v. United States supra; see also, Masino v. United States, 218 Ct.Cl. 531, 589 F.2d 1048 (1978). As the court aptly stated in Birnholz v. United States, 199 Ct.Cl. 532 (1972):
The IRS is rightly concerned with its image of honesty and integrity. Members of the public, who must turn square corners in tax matters, demand no less of revenue officials. Id at 537.
Accordingly, it is therefore ordered, upon careful consideration of all the parties’ submissions, and after oral argument, defendant’s cross-motion for summary judgment is granted. Plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.

 Plaintiff solicited the advice of Harry Sharp, Chief, Taxpayer Relations Branch; Coleta Brueck, Chief, File Section, Research Branch; and Steve Penchan, Chief, Taxpayer Assistance Section; all of whom worked with plaintiff at the Memphis Service Center.

 IRS Publication 1Y outlines the requirements where a married person may elect to file as "single.” One requirement is that an individual must provide over half the support for a child or step-child that is claimed as a dependent. Plaintiff had no dependent child.

 The affidavit was written by Culver herself and originally stated she "could not file as single.” This was changed, however, to read "should not file as single.” Plaintiff thus displayed a remarkable presence of mind for someone allegedly under duress.

 Actually the Government owed the taxpayers a refund.