**John C. REHLING, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 205–85C.**

United States Claims Court.

Oct. 23, 1986.

Reconsideration Denied Dec. 15, 1986.

John C. Rehling, pro se.

Joseph T. Casey, Jr., Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

### OPINION

MOODY R. TIDWELL, III, Judge.

This is a civilian pay case which comes before this court on Defendant's Motion to Dismiss under RUSCC 12(b)(1) for want of subject matter jurisdiction. Plaintiff claims that the Forest Service wrongfully terminated him from his position as a probationary employee. Plaintiff alleges that the Forest Service did not follow Forest Service guidelines for termination of probationary employees, and coerced plaintiff's resignation. This court must dismiss plaintiff's complaint for lack of jurisdiction because this court has not had jurisdiction of claims for redress of adverse actions against probationary employees since the effective date of the Civil Service Reform Act of 1978.

### FACTS

On August 31, 1981, plaintiff was appointed a career-conditional employee as a biological technician with the Forest Service, United States Department of Agriculture, at the Intermountain Forest and Range Experiment Station, Boise, Idaho. Plaintiff's appointment was subject to a one-year probationary period.

In April 1982, plaintiff's supervisor, Mr. Monsen, conducted an appraisal interview with plaintiff and concluded that due to

plaintiff's current performance he would not be given the satisfactory rating necessary to be appointed to a tenured position at the end of his probationary period. This appraisal was subsequently sent to plaintiff in July, 1982. On August 2, 1982, a second appraisal interview took place between Mr. Monsen and plaintiff. Mr. Monsen concluded that plaintiff's performance was still unsatisfactory and recommended that plaintiff be terminated before the end of his probationary period. Plaintiff responded to the proposed termination by contacting Mr. Monsen's supervisor, Mr. Tiedemann. On August 4, 1982, Mr. Tiedemann informed plaintiff that the director of the Boise station, Mr. Bay, had decided to terminate plaintiff. Mr. Blackner, Head of Research Support Services, informed plaintiff that if plaintiff would resign, then the performance appraisals would not be included in his personnel file. Accordingly, plaintiff resigned August 5, 1982.

On April 11, 1985, plaintiff filed this action against the United States alleging that his resignation was coerced, obtained in violation of regulations and statutes, and was done in retaliation for plaintiff's constructive, constitutionally protected job-related criticism of Mr. Monsen and the Forest Service. Plaintiff comes before this court seeking reinstatement, backpay, ancillary retroactive benefits and costs. Defendant, without answering plaintiff's Complaint, filed a Motion to Dismiss for lack of subject matter jurisdiction under RUSCC 12(b)(1).

## DISCUSSION

■ Plaintiff's probationary employment is governed by the Civil Service Reform Act of 1978, Public Law 95–454, 92 Stat. 1111 (now codified in scattered sections of 5 U.S.C. (Supp.V.1981)). Under the CSRA, a probationary employee has no right to seek review of his termination in the United States Claims Court. *United States v. Connolly,* 716 F.2d 882, 886 (Fed.Cir.1983). The CSRA "established a comprehensive scheme for judicial review of adverse [personnel] actions but at the same time deliberately precluded such review under the Act for probationary employees." *Id.; see also* 5 U.S.C. § 7511(a)(1)(A) (1982).

In *Rosano v. United States,* 9 Cl.Ct. 137 (1985), a probationary federal employee brought suit in the Claims Court for wrongful termination. The court dismissed plaintiff's claim to back pay because:

> [S]ince the effective date of the Civil Service Reform Act of 1978, Pub.L. 95–454, 92 Stat. 1135 (5 U.S.C. § 7511 *et seq.*) (CSRA), this court has had no jurisdiction of claims for redress of adverse actions against probationary employees.

9 Cl.Ct. at 142.

The United States Court of Appeals for the Federal Circuit recently affirmed *Rosano* "on the basis of the opinion of that court." *Rosano v. United States,* 800 F.2d 1126 (1986). "Accordingly, the *Rosano* decision is now controlling law on this question in this court and must be so followed." *Schroeder v. United States,* 10 Cl.Ct. 801 (1986).

The policy behind denying probationary employees the right to challenge a termination was explicitly outlined in the Senate Report accompanying the Act and in *Connolly:*

> The probationary or trial period ... is an extension of the examining process to determine an employee's ability to actually perform the duties of the position. It is inappropriate to restrict an agency's authority to separate an employee who does not perform acceptably during this period.

*Connolly,* 716 F.2d at 886 (quoting S.Rep. No. 969, 95th Cong., 2d Sess. 45 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad. News 2723, 2767).

## CONCLUSION

■ The Claims Court grants defendant's motion to dismiss because it lacks jurisdiction to decide a claim contesting the dismissal of an employee during a probationary period. The clerk of the court is directed to dismiss the complaint. Costs to defendant.

IT IS SO ORDERED.