**John C. REHLING, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 205–85C.**

United States Claims Court.

Dec. 15, 1986.

John C. Rehling, pro se.

Joseph T. Casey, Jr., Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

### ORDER

MOODY R. TIDWELL, III, Judge:

Plaintiff, a probationary employee of the United States Forest Service, filed a Complaint on April 3, 1985 alleging that he had been improperly terminated from his position and that he should be reinstated and

---

given back pay. On October 23, 1986 the court granted Defendant's Motion to Dismiss for lack of subject matter jurisdiction. On November 6, 1986 plaintiff filed a Motion for Reconsideration of the October 23, 1986 Opinion, alleging therein that "the Court has erred both in failing to consider factual matters present in pleadings or facts which [would] be discovered pending the allowance of discovery and errors of law that are pertinent to the jurisdictional status of this case." The facts of the case are set forth in the October 23, 1986 Opinion, 11 Cl.Ct. 85, and will not be repeated here except as necessary.

In its October 23, 1986 Opinion the court held that as a probationary employee, plaintiff had no protected rights under the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (1978), which could be enforced in this court and that a claim brought under the Back Pay Act, 5 U.S.C. § 5596 (1982), standing alone could likewise not grant jurisdiction to this court. The court also considered and rejected plaintiff's argument that the alleged failure of the Forest Service to follow the termination of probationary employees procedure, as set forth in the Forest Service Manual, gave this court jurisdiction to not only hear the case but to rule in favor of plaintiff. The court rejected plaintiff's arguments because he failed to cite or argue any provision of law, the Constitution, or regulation of an executive department that gives rise to a claim for money damages, which is the necessary predicate for jurisdiction of this court.

Plaintiff, in his Motion for Reconsideration, repeated his arguments that he made in response to Defendant's Motion to Dismiss. Plaintiff admitted that he has no rights under the CSRA in view of 5 U.S.C. § 7511 (1982), which specifically excluded probationary employees from coverage. Instead, plaintiff argued that jurisdiction is vested in this court under the "long recognized Back Pay/Tucker Act" theory. Plaintiff stated that "[n]owhere under the CSRA either by statute or by legislative history does Congress specifically withdraw the application of the Back Pay/Tucker Act jurisdiction to [sic] Claims Court, nor is there any evidence that Congress by silence barred employees affected as is plaintiff from seeking relief under these provisions." Plaintiff's argument is difficult to follow because it rambles so. The court, however, can glean from Plaintiff's Motion for Reconsideration that (1) plaintiff admits he has no standing to sue under the CSRA, (2) the Back Pay Act, in conjunction with the Tucker Act, provides subject matter jurisdiction in this court and (3) the Forest Service improperly failed to follow the personnel management sections of the Forest Service Manual, thereby giving this court jurisdiction to hear the case and to order his reinstatement, with back pay.

The court is of the opinion that a former probationary employee who is removed or who leaves after learning of his impending dismissal, and who later seeks money judgment upon the ground that his discharge from government employment was not warranted, fails to state a claim within the jurisdiction of this court.[1] No statute, reg-

---

**1.** Plaintiff has an indirect appeal to the MSPB through the Office of Special Counsel (OSC). The OSC is authorized and required by the CSRA to investigate allegations of prohibited personnel practices. The OSC "shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." 5 U.S.C. § 1206(a)(1) (1982). Such allegations, not unlike plaintiff's in the instant case, may be made by "any person," 5 U.S.C. § 1206(a)(1), (2) (1982), including "applicant[s] for employment." 5 U.S.C. § 1206 (b)(1)(A)–(B) (1982). Congress expressly provided that the limited definition of "employee" under sections 7511 and 7513 does not apply to section 1206 allegations submitted to the OSC. 5 U.S.C. § 7512(E) (1982). Section 1206 provisions permit the probationary employee to initiate review of alleged prohibited personnel action at the agency level. *Borrell v. United States International Communications Agency,* 682 F.2d 981, 987–88 (D.C.Cir.1982). Thereafter, if the investigation does result in a finding of prohibited personnel practices, the OSC may seek correction before the MSPB on behalf of the probationary employee.

Federal courts are not the appropriate forum in which to review the many personnel decisions made daily by public agencies, *Bishop v. Wood,* 426 U.S. 341, 349, 96 S.Ct. 2074, 2079, 48

ulation, or constitutional provision entitles such an employee to judicial vindication of his or her discharge. A review of CSRA and cases decided thereunder leads unalterably to the conclusion that Congress' sweeping reform of the Civil Service laws does not provide for review in this court of personnel actions of the nature taken in this case against probationers. The United States Claims Court has recognized that the CSRA was such "a complete overhaul of the civil service system and of the rights of federal employees" that cases decided under prior law constitute merely persuasive authority. *Connolly v. United States*, 1 Cl.Ct. 312, 321, 554 F.Supp. 1250 (1982), *rev'd in part on other grounds*, 716 F.2d 882 (Fed.Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

*Connolly* addressed the termination of a probationary Postal Service employee who, prior to enactment of the CSRA, could have challenged his termination in the United States Court of Claims upon the ground that it was arbitrary or capricious, or that he had been denied the benefit of an honest judgment by responsible agency officials. *Id.; see also Perlongo v. United States*, 215 Ct.Cl. 982, 983, 566 F.2d 1192 (1977); *Greenway v. United States*, 163 Ct.Cl. 72, 82 (1963). In enacting the CSRA, however, Congress specifically excluded probationers from the Act's remedial scheme. In discussing the effect of that exclusion upon the continued viability of *Perlongo* and *Greenway*, the United States Claims Court held:

> The Court of Claims decided these cases in the context of the pre-CSRA situation which was described as "an outdated patchwork of statutes and rules," S.Rep. No. 969 [95th Cong., 2d Sess. 3, *reprinted in* 1978 U.S. Code Cong. & Ad. News 1978, 2725], and a "welter of inflexible strictures that have developed

over the years [and] threaten to asphyxiate the merit principle itself." *Id.* While good reason may then have existed for inferring a congressional grant of jurisdiction to review dismissals of probationary employees, no such basis exists after Congress has carefully and comprehensively reviewed and catalogued employee rights in the CSRA.

*Connolly v. United States*, 1 Cl.Ct. at 321, 554 F.Supp. 1250 (footnote omitted). In affirming the Claims Court's analysis in *Connolly*, the United States Court of Appeals for the Federal Circuit stated:

> Because Congress could have permitted probationers to challenge removals but expressly declined to do so, we find it incongruous to suppose that appellee has an implied right of action under the Civil Service Reform Act to seek judicial review of his dismissal. It is the province of other branches, to determine whether probationary employees should be granted the right to judicial review of adverse actions against them. Congress has decided against judicial review in the Reform Act, and we are not free to disturb the judgment.

716 F.2d at 886 (citations omitted).

In *Oglesby v. United States*, No. 3–84C, slip op. (Cl.Ct. June 7, 1985), the court held that it had no jurisdiction over the claim of a probationary employee who was removed during his probationary period for performance that did not satisfy his immediate supervisor. *Id.* The plaintiff in *Oglesby* alleged that he was denied due process and equal protection of law, and further alleged, as does plaintiff here, that administrative regulations relevant to his probationary period were violated by agency management. The court flatly rejected both arguments and held that Oglesby's complaint failed to state claims within the jurisdiction of the court. *Id.* at 5.

---

L.Ed.2d 684 (1976), especially when the agency has inhouse remedies available to the aggrieved party. Thus, the agencies, to whom discretionary powers have been delegated, are permitted to internally police their own ranks to assure that personnel decisions are consistent with any

procedural safeguards created by the employer and the United States Constitution. In this case, the OSC is authorized, empowered, and best able to determine whether defendant improperly terminated plaintiff.

There is no provision of law that creates a cause of action entitling probationary employees, such as plaintiff here, to a judicial review of the merits of their dismissals. The substantive law now governing federal personnel rights, the CSRA, specifically and expressly exempted probationary employees from the category of individuals to whom substantive and procedural rights are given.

Plaintiff alleged that his separation was procedurally deficient in that his supervisors violated several sections of the law, regulations promulgated by the Office of Personnel Management, and the Forest Service Manual. Allegations of violations of the cited statutes and regulations fail to give rise to a claim within the jurisdiction of this court. It is settled law that in order to form the basis for jurisdiction in this court, a claim must be one that provides the plaintiff a basis for a money judgment. *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). None of the statutes cited are such that violation of them would provide the plaintiff with a basis for a money judgment.

The first statute cited, 5 U.S.C. § 3321, simply allows the President to provide rules in reference to a period of probation in the federal Civil Service. On its face, this statute grants no rights of any kind, much less a right to a money judgment, to any person. Plaintiff also cites 5 U.S.C. § 3501 *et seq.*, the full chapter dealing with the rights of preference eligibles (veterans) in reduction-in-force and other situations. This chapter establishes the rights of preference eligibles in these and other situations. Mr. Rehling has not alleged that he is a preference eligible and so has not alleged a violation of the chapter. Benefits under this chapter are specific, and a claimant must show himself to be clearly within the intended ambit of its provisions. *See Crowley v. United States*, 208 Ct.Cl. 415, 428, 527 F.2d 1176, 1182–83 (1975). Plaintiff has not done so and, therefore, has not stated a claim under this chapter. Plaintiff cites 5 U.S.C. § 4301 *et seq.*, the performance appraisal chapter of Title V of the United States Code. These sections are part of the CSRA and, as explained above, the CSRA does not give plaintiff a claim within the jurisdiction of this court. Plaintiff also cites 5 U.S.C. § 5543 (1982), but this statute merely provides that, in certain situations an employee may, or in some cases shall, be given compensatory time off for overtime work, rather than a money payment. Far from providing an employee with a basis for a money judgment, this statute precludes a claim for such a judgment in certain circumstances.

The Back Pay Act, 5 U.S.C. § 5596 (1982), is also cited by plaintiff. The question of jurisdiction and the Back Pay Act was addressed most recently by the United States Court of Appeals for the Federal Circuit in *Spagnola v. Stockman*, 732 F.2d 908 (Fed.Cir.1984):

> [T]he Back Pay Act "is merely derivative in application; it is not itself a jurisdictional statute." *United States v. Connolly*, 716 F.2d 882, 887 (Fed.Cir.1983). Unless some other provision of law commands payment of money to the employee for the "unjustified or unwarranted personnel action," the Back Pay Act is inapplicable. *Ibid.* Here, there has been, as we have just shown, no such provision of law mandating payment of more money to the appellant, and the Back Pay Act itself cannot fill the gap.

732 F.2d at 912.

For this reason, the Back Pay Act cannot serve as the basis for a claim by plaintiff that is within the jurisdiction of this court.

Plaintiff also cites 28 U.S.C. § 1491 (1982), the basic jurisdictional statute for this court. It is clear, however, that this statute does not in and of itself give rise to any substantive claim in this court. Such a claim must be based upon a separate substantive right granted by another statute or regulation. *Hatzlachh Supply Co. v. United States*, 444 U.S. 460, 100 S.Ct. 647, 62 L.Ed.2d 614 (1980); *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

Plaintiff has also asserted a number of regulations as grounds for his claim. The

**338**

cited "regulations," some of which are regulations and others of which are merely personnel manual provisions, give guidance on a number of personnel subjects ranging from reduction-in-force, probationary periods, performance appraisals, to agency grievance procedures. Generally, these regulations and manual provisions do not establish mandatory rights, the violation of which give rise to a claim for money damages against the United States.

In ascertaining whether the provisions of a regulation of an executive department can properly serve as a predicate for the exercise of jurisdiction under 28 U.S.C. § 1491, the crucial inquiry is whether those provisions "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 217, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983). In *Oglesby*, No. 3–84C, slip op. (Cl.Ct. June 7, 1985), the Claims Court held that Air Force regulations and manuals did not constitute a proper predicate for the exercise of jurisdiction of the court. *Id.* at 5. In this case, the regulations and manual provisions cited by plaintiff similarly do not give rise to a money damages claim within the jurisdiction of this court to review the merits of the removal. *See Mitchell*, 463 U.S. at 216–17, 103 S.Ct. at 2967–68.

Based upon the foregoing analysis of plaintiff's allegations, this court remains of the conviction that it lacks jurisdiction to hear and decide a claim of a probationary employee of the government contesting his dismissal during the probationary period. Plaintiff's Motion for Reconsideration is denied.

IT IS SO ORDERED.