831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John C. REHLING, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 Appeal No. 87-1199
 United States Court of Appeals, Federal Circuit.
 September 9, 1987.
 
 Before MARKEY, Chief Judge, and DAVIS and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The order of the United States Claims Court, 11 Cl. Ct. 334 (1986), denying John C. Rehling's (Rehling's) motion for reconsideration of that court's order, 11 Cl. Ct. 85 (1986), dismissing Rehling's complaint for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 Contrary to Rehling's argument, Fausto v. United States, 783 F.2d 1020 (Fed. Cir. 1986), reh'g granted in part, denied in part, 791 F.2d 1554 (Fed. Cir. 1986), cert. granted, 107 S. Ct. 872 (1987), does not control this case. In Fausto, this court held that the Civil Service Reform Act of 1978 (CSRA) did not eliminate the right of nonpreference eligible excepted service employees to obtain judicial review of adverse personnel actions under the Tucker Act. Unlike Joseph Fausto, however, Rehling was a probationary employee. The legislative history of the CSRA shows that Congress intended to preclude probationary employees from obtaining any judicial review of adverse actions, including that previously available under the Tucker Act. See United States v. Connolly, 716 F.2d 882, 886 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984); Rosano v. United States, 9 Cl. Ct. 137, 142 (1985), aff'd, 800 F.2d 1126 (Fed. Cir. 1986), cert. denied, 107 S. Ct. 1350 (1987); S. Rep. No. 969, 95th Cong., 2d Sess. 45, reprinted in 1978 U.S. Code Cong. & Ad. News 2723, 2767. The Claims Court correctly concluded, therefore, that it lacked jurisdiction in this case.