Edward PISKADLO, Petitioner,

v.

**VETERANS' ADMINISTRATION, MERIT SYSTEMS PROTECTION BOARD, and United States of America, Respondents.**

**No. 81–1267.**

United States Court of Appeals, First Circuit.

Argued Nov. 5, 1981.

Decided Jan. 11, 1982.

Paul A. Mishkin, Lawrence, with whom Anthony R. DiFruscia, Lawrence, was on brief, for petitioner.

Charles K. Mone, Asst. U.S. Atty., Boston, Mass., with whom Edward F. Harrington, U.S. Atty., Boston, Mass., was on brief, for respondents.

Before CAMPBELL and BOWNES, Circuit Judges, and DAVIS,* Judge.

DAVIS, Judge.

On August 6, 1979, petitioner Edward Piskadlo was first employed by the Veterans Administration as a claims adjudicator-trainee in the competitive service. His one-year probationary period was to end early in August 1980. On July 30, 1980, the Veterans' Administration terminated his probationary employment (effective August 4, 1980) "as a result of your apparent inabil-

---

* Of the United States Court of Claims, sitting by designation.

ity to perform the work at a rate which approximates the productivity standards established for adjudicators, and your inability to reduce your percent of error to an acceptable rate for an adjudicator/trainee." Piskadlo filed a timely appeal to the Boston Field Office of the Merit Systems Protection Board (MSPB). His claim was that the agency had improperly discriminated against him because of his physical handicap. The Field Office dismissed the appeal as beyond the jurisdiction of the MSPB. In his petition for review by the Board itself, Piskadlo also asserted that his agency had employed improper procedures with respect to his termination. The Board denied the petition for review on the grounds that (a) probationary employees like Piskadlo had no statutory right of appeal to the MSPB, and (b) probationary employees had no regulatory right of appeal to the MSPB for the handicap discrimination alleged by petitioner (review for that type of discrimination having been transferred to the Equal Employment Opportunity Commission). Piskadlo has petitioned this court for review under 28 U.S.C. §§ 2342(6) and 2349 and 5 U.S.C. § 7703.

The MSPB was correct. When the Civil Service Reform Act of 1978, Pub.Law 95–454, 92 Stat. 1111, 5 U.S.C. §§ 7501 *et seq.*, remodeled the civil service system and created the Merit Systems Protection Board, Congress excluded probationary employees from the definition of "employee" for most adverse action purposes. Section 7511(a)(1)(A) of Title 5 defines an "employee" to mean—

> an individual in the competitive service *who is not serving a probationary or trial period under an initial appointment* or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less (emphasis added)[.]

This adverse action subchapter goes on to cover removal (except for certain situations not applicable to this case); suspension for more than 14 days; reduction in grade; reduction in pay; and a furlough of 30 days or less. § 7512. The next section (§ 7513) sets forth the standards and procedure for these adverse actions; it speaks in terms of an "employee" against whom such adverse action is taken. We are concerned here with a termination or removal for failure to perform adequately. It is plain that the definition of "employee" in § 7511(a)(1)(A), *supra*, is applicable to these adverse actions, including the removal in this very case, and that definition explicitly excludes probationary employees like petitioner.[1]

It is true that the definition of "employee" in 5 U.S.C. § 7511(a)(1), which is "for the purposes of this subchapter" [an adverse action subchapter], does not technically cover the later chapter of the Act on appeals to the MSPB, a chapter that has no definitions of its own. But § 7701(a) of the Appeals chapter merely gives the MSPB jurisdiction over an appeal "from any action which is appealable to the Board under any law, rule, or regulation." And § 7513(d), *supra*, which is directly within the subchapter governed by the definition of "employee" that expressly excludes probationers, declares: "An employee against whom an action is taken under this section [including a removal for inability to perform] is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title." It must follow that a probationary employee, who is specifically left uncovered by § 7513, has no statutory right to appeal to the MSPB.

Petitioner's argument that the statute does not mean what it says is that § 7701 mentions an appeal by an "applicant for

1. The legislative history shows that this exclusion was deliberate, not inadvertent. *See* S.Rep.No. 95–969, 95th Cong., 2d Sess. (1978), pp. 45, 47, 4 U.S.Code & Ad.News (1978), pp. 2723, 2767, 2769. In connection with the discussion of discipline for unacceptable performance, the Senate Report says: "The probationary or trial period, or the first year of service under an appointment for which there is no probationary or trial period, is an extension of the examining process to determine an employee's ability to actually perform the duties of the position. It is inappropriate to restrict an agency's authority to separate an employee who does not perform acceptably during this period."

employment" as well as by an "employee".[2] We are told that the Congress that authorized a mere applicant to appeal could not have meant to prohibit an appeal by a probationer, who has already been employed. In the face of the careful and express formulation and articulation of the appeal provisions of the statute—which we have set forth above—it is very hard to agree that an imperceptive Congress left a gap which a court can fill by itself. In any case, there is a manifest reason for including an "applicant for employment" as a potential appellant under the general provisions of § 7701. The MSPB was to have jurisdiction over certain claims by applicants, mainly those involving discrimination. *See* U.S.C. § 7702.

The MSPB did not err, therefore, in holding that no statute directly authorized it to consider an appeal by petitioner. Regulations (as distinguished from the statute) do authorize an appeal from removal of a probationer if the termination was based on partisan politics or marital status (*see* 5 C.F.R. § 515.806 (1979)), but petitioner has not asserted such a discrimination. He does make a claim of handicap discrimination but the MSPB has no jurisdiction over that claim unless it is joined (as it is not in this case) to some other issue properly appealable to the Board. *See* 5 U.S.C. § 7702(a)(1). The result is that the MSPB had no jurisdiction under either statute or regulation.

We add that all we decide is that the Merit Systems Protection Board has no jurisdiction over this appeal by petitioner, a probationary employee. The question remains open whether such a probationary employee can bring suit directly in a District Court or the Court of Claims, without any review by the MSPB, on the allegation that his removal was invalid. Prior to the effective date of the Civil Service Reform Act there were cases authorizing such a suit. *Shaw v. United States*, 223 Ct.Cl.

——, 622 F.2d 520, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (1980); *Perlongo v. United States*, 215 Ct.Cl. 982, 566 F.2d 1192 (1977), *cert. denied*, 436 U.S. 944, 98 S.Ct. 2844, 56 L.Ed.2d 785 (1978); *Horne v. United States*, 190 Ct.Cl. 145, 419 F.2d 416 (1969); *Dargo v. United States*, 176 Ct.Cl. 1193 (1966); *Greenway v. United States*, 163 Ct.Cl. 72 (1963). The effect on those holdings of the Civil Service Reform Act, with its different provisions, will have to be decided in some other case and, at least initially, by another forum.[3]

*Affirmed.*

---

**2.** Section 7701(a) provides in part: "An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation."

**3.** Similarly, we do not decide the jurisdiction over petitioner's case of the Equal Employment Opportunity Commission which has cognizance of handicap discrimination under Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19801.