Donald S. GEMMELL, et al., Plaintiffs,

v.

FEDERAL AVIATION ADMINISTRATION et al., Defendants.

Civ. A. No. 82–1359.

United States District Court,
District of Columbia.

Nov. 17, 1982.

Jack E. Solerwitz of Solerwitz, Solerwitz & Leeds, Mineola, N.Y., for plaintiffs.

Theodore C. Hirt and Paul Blankenstein, Attys., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss or in the Alter-

native for Summary Judgment and Plaintiff's Opposition thereto. For the reasons set forth herein, the Court will deny Defendants' Motion to Dismiss and grant Defendant's Motion for Summary Judgment in part. The Court will defer decision on Defendant's Motion as it related to plaintiffs' alleged liberty interest until after oral argument.

## FACTS

Plaintiffs are eight (8) individuals who were employed as air traffic controllers at the time of the nationwide strike of the Professional Air Traffic Controller Organization ("PATCO").[1] As a result of their alleged participation in the PATCO strike they were terminated. Plaintiffs claim that because they were never given an opportunity to demonstrate that they had not in fact struck, they have been summarily deprived of liberty and property interests in violation of due process. Plaintiffs seek reinstatement with backpay and seniority rights, declaratory relief and an order awarding $1000 in both punitive and compensatory damages to each plaintiff.

Defendant argues that the Court should dismiss this case for lack of subject matter jurisdiction because plaintiffs failed to exhaust the administrative remedies available to them. In the alternative, defendant alleges that if the Court finds that it does have jurisdiction, summary judgment is in order because plaintiffs have not alleged deprivation of a legitimate liberty or property interest.

## POINT ONE

THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS BECAUSE FORCING PLAINTIFFS TO SEEK FURTHER ADMINISTRATIVE RELIEF WOULD BE FUTILE

Courts have long held that before a litigant seeks judicial relief he should

---

1. All but one of the plaintiffs—plaintiff George Wygand—were probationary employees at the time of their termination because they had been employed for less than one year.

exhaust his administrative remedies. *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Myers v. Bethlehem Shipbuilding Co.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). However, it is also well established that the exhaustion requirement "is not to be applied inflexibly." *McGee v. United States,* 402 U.S. 479, 483, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47 (1971). One of the primary situations in which a plaintiff should not be forced to exhaust his administrative remedies is where to do so would be futile. *See e.g., Ezratty v. Puerto Rico,* 648 F.2d 770, 774 (1st Cir.1981); *Natural Resources Defense Council Inc. v. Train,* 510 F.2d 692, 703 (D.C.Cir.1975). The Court finds that this is such a case.

Normally, a government employee's rights when faced with an adverse employment decision are governed by the Civil Service Reform Act of 1978 ("CSRA"). The CSRA prescribes a comprehensive statutory scheme for dealing with federal employee relations. Under that scheme, employees may challenge employment actions taken against them before the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 7701. Thereafter, if the employee is dissatisfied with the decision of the MSPB, he may appeal to the U.S. Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703.

Probationary employees, however, are not considered to be "employees" within the meaning of the CSRA. 5 U.S.C. § 7511(a)(1)(A). Thus, probationary employees are exempted from the statutory scheme provided by Congress and the safeguards that it provides. They are, however, given limited appeal rights by regulation. Probationary employees may appeal the employment decision to discharge them, if they allege that their termination was based on marital status or partisan political motives. 5 C.F.R. § 315.806(b). Additionally, such employees may challenge terminations resulting from conditions arising before their appointment where it is alleged that there was procedural error. 5 C.F.R. §§ 315.805, 315.806(c). An employee may also allege that his termination was discriminatory, if this claim is made in conjunction with one of the two prior allegations at 5 C.F.R. §§ 315.806(b) and (c). 5 C.F.R. 315.-806(d). This limited right to appeal however, is of little help to plaintiffs here.

■ All of the plaintiffs in this case have filed appeals with the MSPB. The Board rejected each of the plaintiffs' claims with the exception of George Wygand, not on the *merits,* but because the complaints did not fit within the narrow categories within which regulations provide that the MSPB will hear and determine the allegations of probationary employees.[2]

Thus, the plaintiffs were not given the opportunity to have their claims heard on the merits by the MSPB. Consequently, the U.S. Court of Appeals for the Federal Circuit will not hear the merits of plaintiffs' case on appeal and forcing plaintiffs to follow the requisite administrative appeal process would be a mere exercise in futility. If this Court refuses to hear plaintiffs' constitutional claims there will be no forum available to them. Thus, the Court finds that it is not deprived of subject matter jurisdiction by virtue of the plaintiffs' failure to exhaust their administrative remedies and Defendant's Motion to Dismiss is denied.[3]

2. Several of the employees (Jackson, Spates and Gemmell) did make claims before the MSPB of "partisan political reasons" for their discharge. However, these claims were rejected since the plaintiffs were unable to introduce any evidence to support their contentions. In their original complaint before this Court, plaintiffs again alleged that they were fired for partisan political reasons. At a status call on this matter, however, the plaintiffs admitted that they had no evidence to support this claim. Consequently, this Court ordered that claims of partisan political motives be stricken from their complaint. Plaintiffs remaining claims—their constitutional claims—were outside of the jurisdiction of the MSPB and are, thus, properly before this Court.

3. The Court must distinguish between the claims of George Wygand and those of the other seven plaintiffs. Mr. Wygand was a career employee at the time of his discharge—he was no longer on probationary status. Thus, plaintiff Wygand is fully protected by the pro-

## POINT TWO

THE COURT GRANTS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, IN PART, BECAUSE IT FINDS THAT PLAINTIFFS HAVE NOT ALLEGED DEPRIVATION OF A LEGITIMATE PROPERTY INTEREST.

HOWEVER, THE COURT DENIED SUMMARY JUDGMENT AS TO THE QUESTION OF DEPRIVATION OF A LIBERTY INTEREST

It is well established that to "have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). *See also Perry v. Sindermann,* 408 U.S. 593, 602–03, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). Plaintiffs here have not demonstrated such an entitlement.

 Plaintiffs were all probationary employees at the time of their termination. Probationary employees are specifically excluded from the statutory sections protecting career government employees from dismissal for any reason but for "cause." *See* 5 U.S.C. §§ 7511(a)(1)(A), 7513. Thus, plaintiffs as conditional employees were subject to dismissal for less than just cause. It is well settled that probationary employees are subject to dismissal for less than just cause. Accordingly, the Court finds that plaintiffs have not stated a constitutional claim because it is well established that probationary employees that *may be* dismissed for *less* than just cause do not have a property interest in continued employment that rises to a Constitutional level. *See Mazaleski v. Treusdell,* 562 F.2d

701, 710 n. 23 (D.C.Cir.1977). *Cf. Arnett v. Kennedy,* 416 U.S. 134, 167 n. 2, 94 S.Ct. 1633, 1650 n. 2, 40 L.Ed.2d 15 (Powell, J. and Blackmun, J., concurring) (1974).

Based on this alone, the Court will grant Defendants' Motion for Summary Judgment as to plaintiffs' claim that they have been deprived of a property interest without due process of law.

The Court shall defer decision on plaintiffs' claim of deprivation of a liberty interest until after it has heard oral argument. At oral argument the plaintiffs will be given the opportunity to convince the Court that the injuries they allege,—stigmatization, injury to their reputations, and, damage to their employment opportunities—are of a constitutional dimension. The Court is also seeking clarification of the specific injuries alleged and guidance as to whether they present genuine issues of fact.

An order consistent with the foregoing will be issued of even date herewith.

---

cedures established by the CSRA. See p. 919 *supra.*

Mr. Wygand currently has an appeal pending before the MSPB. Because he is a non-probationary employee, the Board may fully consider his claims and he has the right to appeal their

decision. Thus, the Court finds that plaintiff Wygand's use of the administrative procedure outlined in the CSRA would not be futile. Plaintiff Wygand's claim will be dismissed, without prejudice, by the Court at this time for failure to exhaust his administrative remedies.