**Rolf G. BAGINSKY, Successor to his deceased wife, Susanna M. Baginsky, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 519–78.**

United States Claims Court.

Sept. 19, 1986.

---

John I. Heise, Jr., Silver Spring, Md., for plaintiff.

Hillary A. Stern, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

This case involves the dismissal of a probationary employee of the Department of Medicine and Surgery of the Veterans Administration. The Court of Appeals for the Federal Circuit reversed the case after reviewing Count I of the petition and remanded the case to consider count II of the petition. *Baginsky v. United States*, 697 F.2d 1070, 1076 (Fed.Cir.1983). In view of the Federal Circuit's analysis of the Claims Court's jurisdiction to hear a probationary employee's constitutional claim in *United States v. Connolly*, 716 F.2d 882 (Fed.Cir. 1983), this court determines that it is without jurisdiction to hear Count II of the plaintiff's complaint.

Plaintiff, Susanna Baginsky, was a physician who brought suit challenging the termination of her employment with the Veterans Administration. Plaintiff began work as the Chief of Laboratory Services at the Veterans Administration Hospital at Brockton, Massachusetts on May 27, 1973. Dr. Baginsky was immediately placed on probation for a period of three years under the provisions of 38 U.S.C. § 4106, which provides:

> Such appointment ... shall be for a probationary period of three years and the record of each person serving under such appointment in the Medical, Dental, and Nursing Services shall be reviewed from time to time by a board, appointed in accordance with regulations of the Ad-

ministrator, and if said board shall find him not fully qualified and satisfactory he shall be separated from the service. 38 U.S.C. § 4106.

After the three-year probationary period, full appointment to the position would only be offered when "qualifications have been satisfactorily established in accordance with regulations prescribed by the Administrator, without regard to civil service requirement." 38 U.S.C. § 4106(a).

On February 21, 1975, plaintiff was informed by memorandum that a Professional Standards Review Board would review her employment record on March 7, 1975. Reasons for the review were described in a document attached to the notice entitled "Items for Professional Standards Board Review concerning Dr. Susanna Baginsky, Chief, Laboratory Services." The memorandum further informed plaintiff that she could appear before the Board to present her side of the case or submit a written statement on her behalf. By letter dated March 4, 1975, plaintiff's attorney forwarded to the Board a 15–page reply to each of the 33 items listed as reasons for the review.

On April 2, 1975, the Professional Standards Board found plaintiff's performance of her duties unsatisfactory, and recommended that she be disqualified during her probationary period. This decision was reviewed by the Central Office Professional Standards Board and on April 25, 1975, it recommended plaintiff's separation for failure to perform satisfactorily during the probationary period. On May 12, 1975, this recommendation was approved by the Approving Authority, The Chief Medical Director, by his designate. By Letter dated May 16, 1975, plaintiff was notified that the Chief Medical Director had approved of her separation during her probationary period and the effective date of the separation was May 19, 1975.

In Count II of her petition, plaintiff alleges that the Professional Standards Board received information that she had no opportunity to rebut, irrespective of her

15–page response to the eight-page document entitled "Items for Professional Standards Board Review concerning Dr. Susanna Baginsky, Chief, Laboratory Services." Plaintiff alleges that she was denied due process because disclosure of the false and unrebutted charges made to the board would seriously stigmatize plaintiff and diminish her employment opportunities.

Plaintiff asserts jurisdiction in this court pursuant to 28 U.S.C. § 1491. Although the Claims Court and the United States Court of Appeals for the Federal Circuit have already heard Count I of this case and did not dismiss the case for lack of jurisdiction, this court now determines that Count II must be dismissed because of the Federal Circuit's decision in *United States v. Connolly*, 716 F.2d 882 (Fed.Cir.1983) (*Connolly II*), which was issued nine months after the Federal Circuit remanded this case for consideration of Count II. This court considers *Connolly II* to foreclose plaintiff's constitutional claim because it expressly reversed the Claims Court's conclusion that it had jurisdiction to hear a probationary employee's claim related to first amendment rights in *Connolly v. United States*, 1 Cl.Ct. 312, 315, 554 F.Supp. 1250 (1982) (*Connolly I*).

In both *Connolly* decisions, a probationary employee of the Postal Service brought suit challenging the validity of his dismissal for which he sought reinstatement with back pay, correction of the personnel records, and damages. In *Connolly I* this court stated that *Montalvo v. United States*, No. 6745–81C, slip op. at 3–4 (Ct.Cl. Sept. 10, 1982) left open the issue of "whether, after passage of the Civil Service Reform Act, a probationary employee of the Civil Service Reform Act, a probationary employee may bring an action in this court seeking review of an agency's decision to dismiss him." *Connolly I*, 1 Cl.Ct. at 315, 554 F.Supp. 1250. *Connolly I* held that the Claims Court lacked jurisdiction over a probationary postal employee's claims insofar as they were based upon postal service regulations or the Civil Service Reform Act. However, in view of the

holding in *Jackson v. United States*, 192 Ct.Cl. 765, 768, 428 F.2d 844 (1970) that a probationary employee's claim that he was discharged in retaliation for the exercise of first amendment rights was "'founded upon the constitution' of which we have jurisdiction by virtue of 29 U.S.C. 1491(1)," the Claims Court held that it had jurisdiction only with respect to the probationary employee's constitutional claim. *Connolly I*, 1 Cl.Ct. at 322–23, 554 F.Supp. 1250.

The Federal Circuit affirmed *Connolly I*'s holding that the Claims Court did not have jurisdiction to review a probationary employee's dismissal based upon allegations of regulatory or statutory violations, but reversed the court's holding that it had jurisdiction to adjudicate that portion of the probationary employee's allegation where dismissal was taken in retaliation for exercise of First Amendment rights. In sum, the court concluded that "the Claims Court is without jurisdiction to entertain wrongful removal action by probationary employees of the Postal Service—whether or not such claims involve first amendment allegations...." *Connolly II* at 883.

This court finds *Connolly II* to preclude further consideration of this case because of its discussion of jurisdiction when the claimant is a probationary employee, irrespective of the constitutional nature of plaintiff's allegation or the fact that plaintiff is a physician employed by the Veterans Administration instead of a postal employee. The Federal Circuit discusses probationary status as follows:

We also agree with the trial judge's conclusion that Connolly, as a probationary employee, has no right under the Civil Service Reform Act to seek review of his dismissal in the Claims Court. The Reform Act established a comprehensive scheme for judicial review of adverse actions but at the same time deliberately precluded such review under that Act for probationary employees. *See INS v. FLRA*, 709 F.2d 724 at 728–29 (D.C.Cir. 1983); *Piskadlo v. Veterans' Administration*, 668 F.2d 82, 83 & n. 1 (1st

Cir.1982). Civil service employees, as defined by the Act, do not include those serving 'probationary or trial' terms of employment. 5 U.S.C. § 7511(a)(1)(A) (1982). The statutory definition of 'employee' denotes the only class of civil service workers entitled to procedural and appeal rights provided by the Act. *See* 5 U.S.C. § 7513(b), (d), (e) (1982). On the basis of this explicit legislative exclusion of probationary workers, courts have concluded that probationary employees may not appeal adverse actions under the Act. *See Bush v. Lucas*, 462 U.S. 367, 385 n. 28, 103 S.Ct. 2404, 2415 n. 28, 76 L.Ed.2d 648 (1983); *INS v. FLRA, supra,* 709 F.2d at 728; *Piskadlo, supra,* 668 F.2d at 83–84 (probationary employees have no statutory right to appeal to Merit Systems Protection Board).

We think that the legislative history of the Reform Act entirely forecloses the possibility that probationary employees have some sort of unspecified private right of action in the Claims Court under the Act to seek judicial review of their removals. The policy of denying probationary employees the right to challenge such terminations was explicitly outlined in the Senate Report accompanying the Act:

> The probationary or trial period ... is an extension of the examining process to determine an employee's ability to actually perform the duties of the position. It is inappropriate to restrict an agency's authority to separate an employee who does not perform acceptably during this period.

S.Rep. No. 969, 95th Cong., 2d Sess. 45 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad.News 2723, 2767. *See also id.* at 48, 1978 U.S.Code Cong. & Ad. News at 2770 (procedural protections and appeal rights do not apply to probationary employees).

Because Congress could have permitted probationers to challenge removals,

but expressly declined to do so, we find it incongruous to suppose that appellee has an implied private right of action under the Civil Service Reform Act to seek judicial review of his dismissal. *See INS v. FLRA, supra,* 709 F.2d at 728. It is the province of other branches, and not the courts, to determine whether probationary employees should be granted the right to judicial review of adverse actions against them. *See Bush, supra,* 462 U.S. at 385–90, 103 S.Ct. at 2415–17. Congress has decided against judicial review in the Reform Act, and we are not free to disturb that judgment.

*Connolly II* at 886.

Given the Federal Circuit's discussion of the Claims Court's lack of jurisdiction to hear a probationary employee's claim and the reversal of *Connolly I*'s holding that the Claims Court has jurisdiction when the probationary employee's claim is based on the constitution,[1] this court dismisses plaintiff's claims for lack of jurisdiction. The judgment entered October 8, 1982 is vacated and the clerk is directed to enter judgment dismissing the Complaint. No costs.

IT IS SO ORDERED.

---

**1.** In *Featheringill v. United States,* 217 Ct.Cl. 24, 33 (1978), the court held that "the First Amendment ... no more mandates the payment of money than does the due process clause and, thus, may not serve as a jurisdiction basis for plaintiff's law suit." *Accord Clark v. United States,* No. 658–80C (Ct.Cl. Nov. 6, 1981).