FRIEDMAN, Senior Circuit Judge.
 

 The Department of Transportation promoted the petitioner, an air traffic controller, to supervisor, subject to a one-year probationary period. Upon concluding that the petitioner had not performed his supervisory duties properly, the agency can-celled his promotion and he reverted to his lower grade nonsupervisory position. The Merit Systems Protection Board (Board) dismissed his appeal from that action for lack of jurisdiction, because the action took place during the petitioner’s one-year probationary period. We affirm.
 

 I
 

 A. On October 7, 1989, the petitioner Collins, an air traffic controller, was temporarily promoted to a supervisory position at the air traffic control tower where he worked, the period of that promotion not to go beyond December 30, 1989. On December 7, 1989, Mary Young, the air traffic control manager at the tower, selected Collins to be the supervisor. She informed her superior of the action, and nine other persons “READ
 
 &
 
 INITIAL(ED)” her memorandum. Effective December 31, 1989, the agency extended Collins’ temporary promotion to and including March 10, 1990. Each of these temporary promotions was reflected in a Standard Form 50 “Notice of Personnel Action.”
 

 Collins was permanently promoted to the supervisory position, as shown in a Standard Form 50 approved on March 19, 1990. That form stated that the effective date of the promotion was March 11, 1990, and that the promotion was “subject to completion of a 52 week probationary period for assignment to supervisory/managerial position beginning 03/11/90.”
 

 On September 10, 1990, Ms. Young informed Collins that he had been promoted to a supervisory position on December 31, 1989, subject to a one-year probationary period that was “intended to bridge the gap between perceived potential and actual performance, and to give the flexibility to return an employee to the nonsupervisory position without undue formality,” and notified him that his performance during his “supervisory probationary period ... has been unsatisfactory due to your inadequate performance in the supervisory performance standards listed below.” The notice then described in detail the deficiencies in Collins’ performance and stated that in view of these deficiencies and Collins’ failure to correct them despite counseling and discussions, she reassigned Collins, effective October 21, 1990, to his former, lower-grade, nonsupervisory position “in order to promote the efficiency of the service.” This demotion was reflected in a Standard Form 50 approved October 22, 1990.
 

 
 *677
 
 B. On appeal to the Board from Collins’ demotion, the administrative judge dismissed the appeal for lack of jurisdiction. The administrative judge pointed out:
 

 According to the regulations at 5 C.F.R. § 315.908, an employee who is returned to his former position after failing to satisfactorily complete his supervisory probationary period has no appeal right to the Board unless he alleges that the agency action was based on partisan pli-tical [sic] reasons or marital status.
 

 Noting that Collins “made no allegation that his termination was based on partisan political reasons or marital status,” the administrative judge rejected Collins’ argument that “he completed his probationary period on October 7, 1990 and, thus, the agency’s action in removing him without affording him the procedural protections mandated by statute is reversible on the basis of harmful procedural error. The appellant argued that his service in the Supervisory ATC position during his temporary promotion to that position, beginning on October 8, 1989, counts toward completion of his supervisory probationary period.” The administrative judge held that agency regulation Order 3400.-10A(43)(e)
 

 clearly provided that time served in a temporary appointment is not creditable towards the completion of the supervisory probationary period. Thus, the time served by the appellant in the temporary promotion cannot count towards the completion of his supervisory probationary period in the Supervisory ATC position. I find the record shows that the appellant was terminated from his Supervisory ATC position during his probationary period.
 

 On review of the administrative judge’s decision 51 M.S.P.R. 697 (1991) the Board concluded that Collins’ “arguments in support of his contention that his service in a temporary promotion to the position of Supervisory ATC satisfied his probationary requirement constitute mere disagreement with the administrative judge’s findings on that issue,” which “do not warrant full review of the record by the Board.” The Board rejected Collins’ “alternative jurisdictional argument, i.e., that the agency’s action was procedurally defective and hence had ‘no legal effect,’ ” which the administrative judge had not addressed, because
 

 the pertinent regulation, 5 C.F.R. § 315.-908, provides that an employee who is returned to his former position after failing to satisfactorily complete his supervisory probationary period has no appeal right to the Board unless he alleges that the agency action was based on partisan political reasons or his marital status. Procedural irregularity on the agency’s part in effecting such an action does not alter these regulatory provisions, so as to give an employee the right to a Board appeal that he otherwise would not have. Therefore, the administrative judge’s failure to address this issue had no impact on the appellant’s substantive rights. [Footnotes omitted]
 

 II
 

 The sole ground on which Collins here challenges the Board’s dismissal of his appeal for lack of jurisdiction is that Ms. Young alone had no authority to terminate his supervisory status, as she did. He relies on the following statement in Chapter 315, Subchapter 9-6(c) of the Federal Personnel Manual:
 

 The decision to return an employee to a nonsupervisory or nonmanagerial position under this subchapter must be initiated by the employee’s immediate supervisor and concurred in by the next highest official in the organizational structure.
 

 Collins asserts that although “[n]ine senior agency officials signed off (approved) on” his selection for the supervisory position between December 7 and 11, 1989, no official higher than Ms. Young concurred in her demotion decision. From this, he concludes that he “completed his probationary period because no agency official with the regulatory authority removed him from his supervisory position
 
 before
 
 the expiration of his one year probationary period.”
 

 
 *678
 
 Although ingenious, the argument is unconvincing.
 

 1. Contrary to Collins’ assumption, the Federal Personnel Manual does not prescribe any procedures that government officials must follow or give government employees the right to challenge government action because of failure to follow those procedures.
 
 Griessenauer v. Department of Energy,
 
 754 F.2d 361 (Fed. Cir.1985). As the court there stated, those
 

 provisions are intended to aid government officials in handling resignations by suggesting procedures to be followed that will avoid or minimize subsequent disputes concerning the resignation and to strengthen the government’s case in any litigation regarding it. They do not create any rights in an employee, and the government’s failure to observe the suggestions does not provide a basis for challenging the government’s acceptance of an oral resignation.
 

 Id.
 
 at 364.
 

 See, also, Hoffman v. United States,
 
 894 F.2d 380, 384 (Fed.Cir.1990);
 
 Horner v. Jeffrey,
 
 823 F.2d 1521, 1529 (Fed.Cir.1987) (“In
 
 Homer v. Acosta,
 
 803 F.2d 687, 695 (Fed.Cir.1986), this court rejected the argument that FPM provisions should be accorded the status of regulations. We reject such a position as well.”) (footnote omitted).
 

 Accordingly, the lack of any showing that Ms. Young’s superiors concurred in her decision to demote Collins does not itself establish that the demotion was invalid or ineffective.
 

 2. The record does not support Collins’ contention that nine senior agency officials “signed off” on Collins’ promotion in the sense that Collins uses the term, i.e., “approved” it. It' shows only that nine persons (their positions in the agency are not indicated) “READ & INITIALLED]” Ms. Young’s memorandum stating that she had selected Collins for the supervisory position. Such initialling is a common government practice by which officials indicate that they have read something. The initialling, however, shows only that; it does not indicate any concurrence in or approval of the document or what it states or discloses.
 

 3. The two major premises of Collins’ argument thus fail. Moreover, the argument is subject to a more basic and fundamental defect.
 

 Except for situations involving allegations of discrimination based on marital status or partisan political activity (neither of which Collins asserts), the Board has no jurisdiction to review' an adverse personnel action taken against a government employee during his probationary period.
 
 Stokes v. Federal Aviation Admin.,
 
 761 F.2d 682, 685 (Fed.Cir.1985) (“The Board would thus have no jurisdiction to consider an appeal filed by a probationary employee who does not ‘allege’ marital discrimination or partisan politics and may simply dismiss such an appeal on sight.”); Bante
 
 v. Merit Sys. Protection Bd.,
 
 966 F.2d 647, 649 (Fed.Cir. 1992) (the MSPB “does not have jurisdiction to review the merits of the probationer’s dismissal” unless the probationer was dismissed for pre-employment conditions without following the procedures specified in 5 C.F.R. for such dismissals or claims political or marital-status discrimination).
 

 Collins contends that he was permanently promoted to his supervisory position on December 7, 1989, when Ms. Young selected him for the position, and that his one-year probationary period began on that date. The government responds that Collins’ permanent promotion did' not occur until March 11, 1990, the effective date shown on the Standard Form 50 that reflected that promotion. It is unnecessary to resolve that issue, however, since even under Collins’ theory, his demotion on October 21, 1990, took place within one year of December 7, 1989, and, therefore, was within his probationary period.
 

 Collins’ argument that his demotion by Ms. Young was invalid (and, therefore, ineffective) because there was no showing that her supervisor concurred in that action, is an attack on the merits of his demotion. Since that demotion took place during his probationary period, the Board had no jurisdiction to review it. The sitúa
 
 *679
 
 tion is no different than in the ease of an employee who, upon being removed during his probationary period for unsatisfactory performance, attempts to challenge the merits of his removal before the Board upon any of various grounds, such as lack of factual basis for the determination of unsatisfactory performance, or discrimination based on physical handicap. In any of those situations, the Board would have no jurisdiction to review the termination.
 
 See Budrick v. Merit Sys. Protection Bd.,
 
 643 F.2d 278 (5th Cir.1981);
 
 Piskadlo v. Veterans’ Admin.,
 
 668 F.2d 82 (1st Cir.1982);
 
 Oulvey v. Veterans’ Admin.,
 
 690 F.2d 681 (8th Cir.1982).
 

 Collins’ argument that a superior was required to concur in his demotion is but a particular challenge to the merits of his demotion and did not give the Board jurisdiction to review the question. The fact that the agency action during the probationary period was a demotion to the non-supervisory position Collins previously had occupied, rather than the typical removal from the service, does not alter the nature of the inquiry the Board would be required to make or change the Board’s lack of authority to do so.
 

 Collins contends that the Board’s decision in
 
 Vandewall v. Department of Transportation,
 
 52 M.S.P.R. 150 (1991), requires a contrary conclusion. In that case, the agency’s regional manager terminated an employee during her probationary period. The Standard Form 50 documenting the termination, however, was signed after the termination date. The employee contended that the regional manager was not authorized to terminate her. The Board remanded the case to the administrative judge to determine whether the employee had been terminated during her probationary period, which included ascertaining whether the regional manager had authority to terminate.
 

 In
 
 Vandewall,
 
 the authority of the regional manager to terminate was critical because if he did not have the authority, the termination may not have taken place until the agency executed Standard Form 50, which occurred after the probationary period had ended. In the present case, in contrast, there is no such question, since the Standard Form 50 reflecting Collins’ demotion was dated October 22, 1990, and showed an effective date of October 21, 1990 — well within Collins’ one-year probationary period.
 
 Vandewall
 
 does not establish that the Board had jurisdiction in this case to review Collins’ demotion based on the claim that Ms. Young had no authority to demote him.
 

 CONCLUSION
 

 The order of the Board dismissing Collins’ appeal for lack of jurisdiction is
 

 AFFIRMED.