101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Steven J. CIECWESZ, Petitioner,
v.
DEPARTMENT OF TREASURY, Respondent.
 No. 96-3312.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before RICH, CLEVENGER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven J. Ciecwesz (Ciecwesz) appeals from the final decision of the Merit Systems Protection Board (Board), Docket No. NY315H960276-I-1, which dismissed for lack of jurisdiction Ciecwesz's appeal challenging his termination during his probationary employment period. We affirm.
 
 
 2
 * On March 20, 1995, the Internal Revenue Service (agency) appointed Ciecwesz to a position as a seasonal Tax Examining Clerk. On November 26, the agency converted his appointment to a career conditional full-time seasonal position, subject to a one-year probationary period to run from March 20, 1995. Under either appointment, he was subject to release to nonpay status. Due to lack of work, Ciecwesz was placed in nonpay status from September 20, 1995 to January 22, 1996, and again on February 17.
 
 
 3
 On March 1, 1996, the agency notified Ciecwesz by letter that he would be terminated effective March 30, 1996. The agency's decision came as a result of Ciecwesz's failure to make payments for a tax delinquency under an installment agreement. The agency based its decision on Subpart H, Section 2635.809 of the Standards of Ethical Conduct, which states: "Employees shall satisfy in good faith their obligations as citizens, including all just financial obligations, especially those such as Federal, State, or local taxes that are imposed by law."
 
 
 4
 Ciecwesz appealed the agency's decision to the Board, claiming that the agency had discriminated against him based on marital status. He stated, "I am a single divorced father who cannot afford to pay my former wife child support payments." The administrative judge found that Ciecwesz's allegation did not go to the essence of his marital status because a person's childcare responsibilities are not dependant upon that person's marital status. Thus, the administrative judge found that Ciecwesz had not shown that the Board had jurisdiction over his appeal, and dismissed the appeal in an initial decision dated May 30, 1996. Ciecwesz did not file a petition for review, and the initial decision became the final decision of the Board on July 4, 1996.
 
 II
 
 5
 Our review of the Board's decision is limited: we review the decision to ensure that it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); see Holland v. Department of Air Force, 31 F.3d 1118, 1120 (Fed.Cir.1994). Under this standard, we must affirm the Board's decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion." Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938).
 
 
 6
 The Board has no jurisdiction to review an adverse personnel action taken against a government employee during his probationary period absent a nonfrivolous allegation by the employee of discrimination based on marital status or partisan political activity.[1] Collins v. Merit Sys. Protection Bd., 978 F.2d 675, 678 (Fed.Cir.1992); see 5 C.F.R. § 315.806(b) (1996). Thus, whatever the Board's view may be on the merits of a particular personnel action, it is powerless to review the action unless the probationary employee supports his claim with such a nonfrivolous allegation.
 
 
 7
 On appeal, Ciecwesz argues that he is a conscientious person who has always paid his taxes when possible, but due to his divorce and child support obligations he was unable to meet the requirements of the installment agreement. Although this allegation is indirectly related to Ciecwesz's marital status (the divorce presumably contributed to his financial troubles), it does not indicate that Ciecwesz was the victim of discrimination based on marital status. To confer jurisdiction on the Board, an allegation of discrimination must go to the basic nature of the petitioner's marital status. While it cannot be said that Ciecwesz's child support payments are entirely independent of his marital status, such payments are an obligation that can be incurred regardless of marital status. No evidence indicates that the agency was motivated by any factor other than its dogged insistence that its employees strictly toe the line on meeting tax obligations. Thus, the agency's decision to terminate Ciecwesz did not go to the basic nature of his marital status.
 
 
 8
 We have carefully reviewed the record and are unable to find any reversible error by the Board. The decision of the Board, being supported by substantial evidence, is affirmed.
 
 
 
 [1]
 Although Ciecwesz's probationary term spanned more than one year (March 20, 1995 to March 30, 1996), he was a probationary employee at the time of his termination. That is because "[n]onpay time in excess of 22 workdays extends the probationary period by an equal amount." 5 C.F.R. § 315.802(c) (1996)