# In the United States Court of Federal Claims

No. 15-153T

(Filed: December 3, 2015)

```
*****************************************
                                      *
WILTON R. STEPHENS, JR. and           *
CAROL M. STEPHENS,                    *
                                      *
                 Plaintiffs,          *      Tax Refund Suit; Passive-
                                      *      Activity Losses and Credits;
v.                                    *      Statute of Limitations Defense;
                                      *      Potential Windfall to the
THE UNITED STATES,                    *      Government.
                                      *
                 Defendant.           *
                                      *
*****************************************
```

*Craig S. Lair*, with whom was *Bryon J. Walker*, Rose Law Firm, Little Rock, Arkansas, for Plaintiffs.

*Matthew D. Lucey*, with whom were *Caroline D. Ciraolo*, Acting Assistant Attorney General, *David I. Pincus*, Chief, and *Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

This tax refund case presents an odd circumstance where the Government has moved to dismiss Plaintiffs' tax refund suit as time-barred, but where the cause of the delay lies squarely on the doorstep of the Internal Revenue Service ("IRS"). The cumbersome procedures of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 331 (1982) ("TEFRA"), contributed to the delay. Based upon the analysis below, the Court finds that Plaintiffs' suit is not time-barred, and the Government's motion to dismiss is denied. If this suit did not go forward, the Government would receive a sizable windfall to which it is not entitled.

## Factual Background

Plaintiffs' refund claim originates from federal tax returns filed nearly twenty years ago, for tax years 1995, 1996, and 1997. During these tax years, Plaintiff, Wilton Stephens, Jr., was a shareholder of SF Holding Corporation ("SF").[1] Wilton and Carol Stephens filed timely joint tax returns for 1995, 1996, and 1997 in which they included passive-activity losses and credits based upon business investments in SF. The IRS examined the Stephens's 1995 and 1996 tax returns pursuant to TEFRA procedures, but not their 1997 tax return, due to changes in the law. Under TEFRA, the IRS needed to resolve all of SF's tax issues at the corporate level before resolving issues at the shareholder level. This two-step process led to twenty years of tax examinations, litigation, and unexplained IRS delays before resolution of Mr. and Mrs. Stephens's 1995, 1996, and 1997 tax liability.

On December 3, 2007, ten years after the filing of the 1995 and 1996 tax returns, SF and the IRS entered into a Closing Agreement resolving corporate-level tax issues. After the execution of the Closing Agreement, the IRS began reviewing SF shareholder-level tax items, implicating Mr. and Mrs. Stephens's 1995 and 1996 joint tax returns. Thirteen months later on January 21, 2009, the IRS issued to Mr. and Mrs. Stephens a Notice of Deficiency for taxes due for 1995 and 1996, without explanation for the delay or additional audit activity. The IRS determined that Mr. Stephens had non-passive, rather than passive, income for 1995 and 1996. The IRS assessed an additional $536,765 in taxes for 1995 and 1996 based on the disallowed passive-activity losses and credits.

Both parties agree that the Stephens's disallowed losses and credits from 1995 and 1996 could be carried forward to the next available tax year under 26 U.S.C. § 469. Here, the losses and credits would carry forward to 1997. Normally, Mr. and Mrs. Stephens would have been able to use the carried forward losses and credits on their 1997 tax return to receive a refund. However, the statute of limitations for the 1997 tax year expired on June 30, 2008, six months before the IRS had issued the Notice of Deficiency. As a result, Mr. and Mrs. Stephens were entitled to a $534,067 tax credit for 1997, but they were unable to claim the refund causing an overpayment in the same amount.

Seeking a refund, Mr. and Mrs. Stephens filed an amended tax return for the "1995, 1996, and 1997 tax periods" on October 8, 2009. Letter from Christopher Kauffman, Senior Tax Director, SF, to Department of Treasury (Oct. 8, 2009). Mr. and Mrs. Stephens explained that they wanted to amend their 1997 tax return based on the passive-activity loss carryforwards and passive-activity credit carryforwards created by the IRS's assessment of additional taxes in 1995 and 1996. Mr. and Mrs. Stephens claimed a refund of $534,067. Further, they requested that the IRS apply the $534,067 refund from 1997 to offset the assessed deficiency for 1995 and 1996. They included with the October 8, 2009

---

[1] Formerly, SF Holding Corporation was known as Stephens Group, Inc. For ease of reference, the Court will use SF Holding Corporation, or "SF," to describe both entities.

letter a check in the amount of $2,698 "for payment of the remaining difference between the 1995 [and] 1996 assessments and the 1997 refund." Id.

Despite negotiating this check on October 13, 2009, the IRS insisted that Mr. and Mrs. Stephens owed the full amount of the deficiency, and IRS agents appeared at their business to collect the amount due in January 2010. Under protest, Mr. and Mrs. Stephens paid the remaining taxes on January 6, 2010, $72,752.55 for tax and interest for 1995 and $714,431.49 for tax and interest for 1996. On January 27, 2010, Mr. and Mrs. Stephens resubmitted their October 8, 2009 amended tax return to the IRS. After waiting another year without a response, Mr. and Mrs. Stephens submitted their amended 1997 tax return to the IRS for the third time on November 8, 2011. They reiterated that they sought a refund based on the passive-activity loss carryforwards and credits disallowed in 1995 and 1996. Letter from Mr. Kauffman to Arlena Jackson, Internal Revenue Service (Nov. 8, 2011). On January 6, 2012, the statute of limitations for filing a refund claim for 1995 and 1996 expired, nearly two years after the deadline for the 1997 tax year. The deadline for filing a refund claim for 1995 and 1996 expired after that for 1997 because of TEFRA procedures and IRS delays in resolving first SF's and then the Stephens's 1995 and 1996 taxes. On March 15, 2012, the IRS disallowed Mr. and Mrs. Stephens's amended tax return.

Plaintiffs timely filed suit in this Court on February 18, 2015. On July 20, 2015, the Government moved to dismiss for lack of subject matter jurisdiction arguing that Plaintiffs failed to file a timely claim for refund for the 1997 tax year under 26 U.S.C. § 6511. The parties have fully briefed the motion and the Court heard oral argument on November 18, 2015.

Analysis

A. Standard of Review

When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Exp. Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). The Court considers not whether the plaintiff will ultimately prevail on the merits, but "whether the claimant is entitled to offer evidence to support the claims." Id. A complaint need only contain an allegation of a non-frivolous claim made under the Court's Tucker Act jurisdiction to defeat a motion to dismiss for lack subject matter jurisdiction. See Moden v. United States, 404 F 3d 1335, 1340 (Fed. Cir. 2005); accord Spruill v. Merit Sys. Prot. Bd., 978 F 2d 678, 678-88 (Fed. Cir. 1992). A frivolous claim is one that is "'so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Moden, 404 F.3d at 1341 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)).

B.  Subject Matter Jurisdiction

This Court has concurrent jurisdiction with United States District Courts over suits for refund of taxes alleged to have been erroneously or unlawfully assessed or collected. See 28 U.S.C. § 1346(a)(1); United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008).  The Court's jurisdiction is derived from the Tucker Act, 28 U.S.C. § 1491. However, the Tucker Act does not create any substantive right but merely confers jurisdiction where the substantive right already exists in another statute.  Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004).  In this case, 26 U.S.C. § 7422 provides the substantive basis for a tax refund suit in this Court.  This Court's jurisdiction is further limited by 28 U.S.C. § 2501, which provides that all claims within the Court's Tucker Act jurisdiction must be brought within six years after the claim accrues.  28 U.S.C. § 2501.

While the Government refuses to concede subject matter jurisdiction is proper in this case, it clearly is.  The Government does not dispute that Mr. and Mrs. Stephens's complaint raises a question within the Court's Tucker Act jurisdiction and that their claim was filed within the six-year statute of limitations.  Where, as here, plaintiff's complaint raises a question within the Court's Tucker Act jurisdiction and is filed within the statute of limitations, the Court has subject matter jurisdiction of the claim.  Spruill, 978 F.2d at 687 (quoting Montana-Dakota Utils. Co. v. Nw. Public Serv. Co., 341 U.S. 246, 249 (1951)); cf John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008) (holding the Court lacked jurisdiction where claim was filed after expiration of the six-year statute of limitations).  Further, the Government does not argue that the Stephens's claims are frivolous or "otherwise completely devoid of merit as not to involve a federal controversy." Moden, 404 F.3d at 1341.

Rather, the Government argues this Court lacks subject matter jurisdiction because Mr. and Mrs. Stephens failed to establish an element of their cause of action.  Specifically, the Government contends that Mr. and Mrs. Stephens failed to file a refund request for 1997 with the IRS within two years of paying the assessed taxes as required under 26 U.S.C. § 6511.  See Mot. to Dismiss at 6 (citing 26 U.S.C. § 6511(c)).  The Government confuses the standards for a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  An alleged failure to prove an element of the cause of action is not a matter of subject matter jurisdiction even when it touches on timeliness.  Do-Well Mach. Shop, Inc. v. United States, 870 F.2d 637, 639-40 (Fed. Cir. 1989); cf John R. Sand & Gravel Co., 552 U.S. at 134-36 (explaining six-year statute of limitations under 28 U.S.C. § 2501 is jurisdictional).  To conclude the Court is without subject matter jurisdiction in this circumstance is to "obscure the nature of the defect" by venturing into the merits of the case.  Spruill, 978 F. 2d at 687. Where the "resolution of the jurisdictional issue is intertwined with the merits of the case, the decision on jurisdiction should 'await a determination of the merits either by the court on a summary judgment motion or by the fact finder at trial.'"  Oswalt v. United States, 41 Fed. Appx. 471, 472 (Fed. Cir. 2002)

(quoting 5A Charles A. Wright & Arthur Miller, <u>Federal Practice and Procedure</u> § 1350, at 237 (2d ed. 1990)).

The Court is equally unpersuaded by the merits of the Government's argument. The Court agrees with Mr. and Mrs. Stephens that the relevant tax years are 1995 and 1996, not 1997 as the Government argues. The cover letters attached to the Stephens's amended tax returns clarify that they were seeking a tax refund based on the disallowed credits and losses in 1995 and 1996. The Government concedes that if 1995 and 1996 are the relevant years, the Stephens's refund claims were timely. Indeed, Mr. and Mrs. Stephens submitted their refund claims to the IRS two years before the January 6, 2012 deadline on January 21, 2010, and again a year before the deadline on November 8, 2011.

Finally, the Court notes that the IRS caused an unexplained thirteen-month delay before issuing the Notice of Deficiency, during which time the statute of limitations for the 1997 tax year expired. The Court will not allow the Government to cause an undue delay and then use the delay as a reason to dispose of Mr. and Mrs. Stephens's refund claim at the motion to dismiss phase. Accepting the Government's arguments would afford the Government a $1,287,184 windfall at Mr. and Mrs. Stephens's expense. This is particularly troublesome when the Government does not dispute that Mr. and Mrs. Stephens were entitled to the refund.

<u>Conclusion</u>

For the reasons stated herein, the Court DENIES the Government's motion to dismiss for lack of subject matter jurisdiction. Pursuant to Rule 12(a)(4)(A), the Government shall file its Answer within 14 days, on or before December 17, 2015.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge
